THE UNION PACIFIC RAILWAY COMPANY v. JAMES A. HENRY.

| 36 | 565 |
| 55 | 502 |
| 36 | 565 |
| 78 | 343 |

1. DAMAGES — *Negligence* — *Instruction, not Error.* In an action against a railway company for damages to a team and omnibus injured at a public street-crossing in a city, where the railway company was liable for ordinary negligence and the injury caused by its negligence, and the court instructed the jury that if they found the plaintiff was not guilty of contributory negligence, or, if negligent, that his negligence was slight and did not directly contribute to the injury, to find for the plaintiff, *held,* not error.

2. DAMAGES — *Amount* — *Instruction, not Error.* Where plaintiff introduced two witnesses to prove his damages, and before resting his case declared that there were yet other witnesses to prove damages if the defendant intended to dispute the amount so proven, and counsel for defendant announced that defendant would introduce no testimony on the question of damages, and no further evidence was given, *held,* not error for the court to instruct the jury that if they found for the plaintiff, he was entitled to recover the amount as shown by the undisputed testimony of plaintiff.

3. ———— *Injury; Competent Evidence.* Where an injury was caused by a railway company by backing a freight train on the public street of a city, on a dark night, and no flagman was present at the cross-

ing, that fact is competent to be submitted to the jury, where it is also shown that no one was on the rear end of the train, and no signal or warning was given before backing the train.

4. NEGLIGENCE — *Different Degrees* — *Instruction, not Misleading.* Where the court in charging the jury defines the different degrees of negligence, and instructs the jury that the only question for them to determine is the negligence of the respective parties, and that if they find from the evidence that the defendant had done wrong and caused the injury, a *prima facie* case for compensation was made out, *held*, that the use of the word "wrong" was equivalent to negligence, and was not misleading.

## *Error from Clay District Court.*

ACTION brought by *Henry* against *The Union Pacific Railway Company*, to recover damages sustained by the backing-up of a train of cars over his omnibus and team at Clay Center. Plaintiff alleged that on December 5, 1883, he was the owner of an omnibus and a team of horses used by him in conveying passengers from the railway depot to plaintiff's hotel; that on said day he had in his employ one Watrous in charge as driver of said team; that said driver drove to the defendant's depot to receive passengers to arrive on the 7:30 P. M. train; that said train was the regular evening train, and composed of freight cars and one passenger coach, the passenger coach being on the rear of the train; that after the train arrived and the passengers were received, the driver started to drive to the hotel, and to do so he had to drive about one block parallel with the defendant's railway track to the Fifth-street crossing, where he would have to cross the track; that about the time he started from the depot the defendant's train commenced to back up toward the Fifth-street crossing, and stopped with the passenger coach standing about one-third in the street; that the driver waited until the train stopped, when he started across the track; that at this point there is also a side track, and when between the two tracks a loose car came down on the side track in the rear of the team, which frightened the horses, and before the driver could control them they backed the omnibus against the rear end of the passenger coach, and before he could get disengaged from the coach the train again

began backing up, pushing the omnibus and team before it for about fifty feet, and finally ran the omnibus and team down, damaging the omnibus and killing one of the horses. Plaintiff claimed damages to the amount of $499. All of these allegations the defendant denied, and alleged that the accident complained of by the plaintiff was caused by his negligence or that of his employé. Trial by jury at the January Term, 1885; verdict, special findings and judgment for the plaintiff for $391.50 and costs. The defendant brings the case here.

*J. P. Usher*, and *N. H. Loomis*, for plaintiff in error.
*Harkness & Godard*, for defendant in error.

Opinion by Clogston, C.: The principal complaint made by the defendant, plaintiff in error, is as to the instructions the court gave to the jury. The record in this case discloses but two issues over which there was any controversy at the trial: First, was the injury caused by the negligence of the defendant? Second, was the plaintiff guilty of contributory negligence, directly causing the injury? The findings of fact by the jury being in favor of the plaintiff and against the defendant on both of these propositions, and the evidence tending to support all of the findings, and the findings being consistent with the general verdict, we shall therefore not examine the evidence further than to ascertain whether the instructions complained of are correct under the evidence given. Plaintiff complains of the first instruction given by the court, which is as follows:

"This is an action brought by the plaintiff to recover damages from the defendant for injuries to the property of plaintiff sustained in a collision between the omnibus and horses of the plaintiff and the railway train of the defendant. There is no controversy as to the fact that the collision occurred; that it occurred in the city of Clay Center, at and upon the crossing of Fifth street and the railway track of the defendant; and no controversy as to the amount of damages sustained by the property of the plaintiff; the only question in the case

for the determination of the jury being as to the negligence or want of due care of the respective parties or their employés, and the amount, if any, that the plaintiff is entitled to recover as shown by his undisputed testimony."

Counsel particularly complain of these words in the instruction: "And the amount, if any, that the plaintiff is entitled to recover as shown by his undisputed testimony;" insisting that this part of the instruction is not supported by the evidence. We see no error in this charge. The evidence as to the extent of the damages sustained was not disputed, and the attention of counsel was called to this fact at the trial; plaintiff's attorneys announced that they had a number of witnesses to establish the damages by, if the defendant expected to controvert this question; and counsel for the defendant stated in reply that they would not offer testimony on that question. In the face of this, can counsel say that the jury had a right to disregard the testimony of the plaintiff and his employé Watrous upon this question of damages? If counsel desired to insist upon this proposition, they ought to have made no admissions that kept plaintiff from introducing the remainder of the evidence tending to show the damages claimed; but having done so, we think the question of damages was admitted, and that the court gave the proper instructions.

Counsel also complain of the second instruction given by the court, which is as follows:

"2. In considering this case you will first determine whether the defendant or its employés were guilty of negligence in the operation and management of its road and train which resulted in the injuries complained of. If you determine this question in the negative you need not inquire further, but return a verdict for defendant. If you determine that there was such negligence, you will then inquire further whether there was contributory negligence on the part of plaintiff or his employé, such that under other instructions given in this case he ought not to recover. If you find there was such contributory negligence on the part of the plaintiff or his employé, you will return a verdict for the defendant. If, however, you find that the defendant was guilty of either ordinary or gross

negligence, and that the plaintiff was not guilty of contributory negligence, or if negligent, that his negligence was slight and did not contribute directly to cause the injuries complained of, you will then find for the plaintiff, and assess his damages at such sum as you believe from the evidence he has sustained."

Counsel insist that this instruction in relation to the negligence of the plaintiff or his employé was misleading and erroneous. Plaintiff in error does not contend that this instruction, as an abstract proposition of law, is not correct, but that under the facts of this case it was misleading; that if the driver of the team was negligent at all it did contribute directly to the injury. This would be true, taken as shown by the testimony offered by the defendant alone. Taking it for granted that the train never stopped backing until after the accident, and that the driver drove his team on the crossing in front of a moving train, this instruction might be misleading; but the testimony offered by plaintiff, that the train was standing still; that the driver had no notice that the train would move further backward, and without warning of danger he drove on the crossing—and this crossing a public one, as free to the plaintiff as to defendant; when not occupied by the defendant's train the plaintiff might cross—and when his team became unmanageable on the crossing, it then became the duty of the defendant to use more than ordinary care to prevent the injury. Slight negligence on the part of the driver, under such circumstances, would not relieve the defendant from liability. (*L. L. & G. Rly. Co. v. Rice,* 10 Kas. 426; *Sawyer v. Sauer,* 10 id. 466; *U. P. Rly. Co. v. Rollins,* 5 id. 167; *K. P. Rly. Co. v. Peavey,* 29 id. 169.)

1. Damages— negligence— instruction, not error.

Plaintiff also complains of the third instruction given by the court, which is as follows:

"3. The triple distinctions of slight, ordinary and gross negligence are recognized by the law, and apply to this case. Negligence is a want of due diligence. Slight negligence is merely the failure to exercise great or extraordinary care. Ordinary or common negligence is a want of that degree of care which an ordinary prudent man would ordinarily exercise under like circumstances. Gross negligence is the want

of slight diligence. If you find therefore from the evidence that defendant company has done wrong and caused an injury thereby, a *prima facie* case for compensation is made out, unless you further find that the negligence of the plaintiff or his employé contributed directly to the injury complained of, when in such case the law declines to apportion the damages, and leaves the injured party without compensation. The degree of diligence required of plaintiff and his employé in this case was such as a man of ordinary prudence would have exercised under similar circumstances. And as to the question of negligence on the part of either plaintiff or defendant, it is a question of fact for the jury to determine from all the evidence in the case."

In this instruction the word "wrong," complained of, is entitled to a construction different from that given to it by counsel. These instructions must be taken together. While this word "wrong" in its broad sense includes every injury to another, independent of the motives causing the injury, yet taken as used in this instruction it means and could mean

4. Negligence— different degrees —instruction. not misleading.

nothing but that kind of wrong the court was defining to the jury in defining negligence; that it was the failure to exercise great or extraordinary care, or a want of that care which an ordinary prudent man would ordinarily exercise, or it is the want of slight diligence; and that the failure to take this kind of care where others are liable to injury, was the wrong the court was charging the jury that an injury caused thereby was a *prima facie* case of compensation made out. The jury had already been instructed that the only question for them to consider was the negligence or want of care by the respective parties. This instruction could not mislead the jury. Judge BREWER, in *K. P. Rly. Co. v. Pointer,* 14 Kas. 50, said:

"But if it is shown that a party has done wrong, and caused injury thereby, is not a *prima facie* case for compensation made? Logically, the wrongdoer should always compensate, and the wrong and the injury always entitle to relief. When the wrong of both parties contributes to the injury, the law declines to apportion the damages, and so leaves the injured party without any compensation."

That case is conclusive of this.

Objections are also made to the following instruction:

"4. The jury are instructed that in considering the circumstances of this case it is proper for them to take into consideration the fact that at the time of the accident the night was dark, defendant company had no flagman at the crossing at the time of the accident complained of, and the further fact that the defendant's train was moving backward at the time."

Counsel for plaintiff in their brief speculate as to the duty of a flagman at a crossing, and insist that as the driver of the team knew as much of the movements of the train as a flagman would have known, the fact that there was no flagman at the crossing was immaterial. The evidence in this case does not disclose what a flagman's duty is. The authorities cited by counsel define some of the duties of a flagman, but we think they have omitted some of the duties which, if discharged, would in this case have prevented the injury. If a flagman had been at the crossing he would have known, or it would have doubtless been a part of his employment to know, that the purpose of backing this train was to take cars out from the side track, and to do this that the train must back up beyond Fifth-street crossing; and he would not have permitted teams to cross in front of the train that would immediately back up to accomplish the purpose for which it was backing. The evidence shows that the night was dark and no one was stationed at the crossing to warn persons that the train would still move further backward, and we cannot presume that the driver of the omnibus, whose duty it was to convey passengers from the depot to the hotel, to have that knowledge of the moving train. Upon this state of facts we see no error in the instructions. (*K. P. Rly. Co. v. Richardson,* 25 Kas. 409; *K. P. Rly. Co. v. Pointer,* 14 id. 49.)

*3. Injury; competent evidence.*

There are other objections to the charge of the court, but no specific objections are urged to them. On the whole, we are of the opinion that the learned court has very fairly and intelligently instructed the jury on the law applicable to the

facts in this case; and while the evidence is not clear as to the negligence of the defendant, yet taken together we do not feel warranted in saying the court committed any error in submitting the question of negligence to the jury.

We therefore recommend that the judgment of the court below be affirmed.

By the Court: It is so ordered.

All the Justices concurring.