MYER RUBIN *vs.* SAMUEL I. HUHN.

Suffolk.   November 15, 1917. — January 4, 1918.

Present: RUGG, C. J., BRALEY, CROSBY, PIERCE, & CARROLL, JJ.

*Negligence,* Of gratuitous bailee.   *Bailment,* Gratuitous.   *Conversion.*

Where in the crowded lobby of a theatre a person was handed a box containing a pair of diamond earrings and was asked to examine and appraise them without reward and where as he was handling them he "dropped one of the earrings and it was lost," such person, who was only the gratuitous bailee of the earrings, cannot be held liable to their owner for the loss, there being no evidence to warrant a finding of gross negligence on his part.

In the case stated above there was a count for an alleged conversion, and there was evidence that the plaintiff demanded of the defendant the return of the earrings and that the defendant then said that, if the plaintiff would refrain for a short time from bringing an action against the defendant for the loss of the earrings, he would pay the plaintiff for them a sum of money named, that the plaintiff did so refrain for such time but that the defendant did not pay to the plaintiff the sum named nor return both or either of the earrings.   *Held,* that there was no evidence of a conversion of both earrings by the defendant.

In the same case there was evidence that the defendant, being in possession of the remaining earring, refused upon the plaintiff's demand to deliver it to the plaintiff, and there also was evidence that the defendant delivered this remaining earring to a person not authorized to receive it.   *Held,* that on this evidence a

finding that there was a conversion by the defendant of the remaining earring was warranted.

In the same case it was *held,* that, as the defendant properly could be held liable for the value of one earring at the time of its conversion, the trial judge was right in refusing to rule "that upon all the evidence judgment must be directed for the defendant."

CONTRACT or TORT for the value of a pair of diamond earrings, the declaration alleging in the first count, that the earrings were entrusted to the defendant who promised to return them and failed to do so, in the second count, that on September 15, 1914, the defendant to whom the earrings had been entrusted refused to return them upon demand, in the third count, that on September 15, 1914, the defendant converted to his own use the earrings, which were of the value of $90, and in the fourth count that the defendant owed the plaintiff $90 according to an account annexed. Writ in the Municipal Court of the City of Boston dated January 25, 1915.

At the trial in the Municipal Court the plaintiff introduced evidence which tended to show that the plaintiff, being the owner of a pair of diamond earrings, allowed one Wyner, who was a partner in the theatre business of one Levitan and who sometimes sold goods for the plaintiff, to take them into his possession to sell them to Levitan, but that the title to them and the entire beneficial interest in them remained in the plaintiff; that afterwards, in September, 1914, Wyner, Levitan and the defendant were in the lobby of a theatre in Boston, and that Wyner handed the earrings to the defendant, enclosed in a box, and that the defendant took them into his hands to inspect and examine and appraise them; that at that time the lobby was crowded with people, about two hundred in number; that the defendant, having received the earrings into his hands, carried the earrings a short distance across the lobby to a place near a light for the purpose of examining them, and that the defendant dropped one of the earrings and it was lost, and that the plaintiff has not since received it; that afterwards the defendant went to the plaintiff's store and talked with the plaintiff, that the plaintiff then demanded the earrings, and that the defendant then told the plaintiff that, if he would refrain for a short time from bringing an action against the defendant for the loss of the earrings, he, the defendant, would pay the plaintiff $85; that the plaintiff did so refrain for

such time, but that the defendant did not pay that sum to the plaintiff and did not return either or both of the earrings to the plaintiff or to Wyner.

The defendant testified that, while he was standing in the lobby, Wyner and one Levitan came to the defendant and asked him to appraise the earrings, Wyner saying to Levitan, "Here is Mr. Huhn, he will tell you what they cost;" that the defendant took the earrings from either Levitan or Wyner and, as he opened the box, one of the earrings dropped on the floor and was not recovered although the loss was reported to the police; that the defendant's promise to the plaintiff at the plaintiff's store to pay for the earrings was made by him on behalf of Levitan who had sent him to adjust the loss and that he returned the one earring to Levitan from whom he had received it.

The judge found the facts to be those put in evidence by the plaintiff. He found that the defendant, in handling and dealing with the earrings did not exercise such care as a reasonably prudent man would have exercised under the circumstances, but handled and dealt with them in a careless and negligent manner. He found that, before the bringing of the action, the plaintiff demanded the earrings of the defendant and that the defendant did not return either or both of them to the plaintiff or to Wyner.

At the close of the evidence the defendant asked the judge to rule "that upon all the evidence judgment must be directed for the defendant." The judge refused so to rule and "found for the plaintiff in tort for $85," which he found to be the value of the two earrings. At the request of the defendant the judge reported the case to the Appellate Division.

The Appellate Division made the order, "Report dismissed," and the defendant appealed.

*W. Hartstone,* for the defendant.

*S. Sigilman,* for the plaintiff, submitted a brief.

PIERCE, J. The defendant assumed at most the obligation of a gratuitous bailee when, in the lobby of a theatre crowded with people, he received from one Wyner a pair of diamond earrings in a box and at the request of Wyner then and there undertook to inspect, examine and appraise them without reward. *Foster* v. *Essex Bank,* 17 Mass. 479. The duty which the law imposes on gratuitous bailees is that the bailee shall act in good faith, that is,

shall use the degree of care in the performance of the undertaking which is measured by the carefulness which the depository uses toward his own property of similar kind under like circumstances. *Foster* v. *Essex Bank, ubi supra. Whitney* v. *Lee,* 8 Met. 91. *Smith* v. *First National Bank in Westfield,* 99 Mass. 605.

In an action of contract or of tort for breach of duty imposed by law, the mere fact "that the defendant dropped one of the earrings and it was lost," is not sufficient evidence of his gross negligence to warrant a finding for the plaintiff. The finding of the judge "that the defendant, in handling and dealing with the earrings did not exercise such care as a reasonably prudent man would have exercised under the circumstances," imposed upon the defendant, a gratuitous bailee, a standard of care which measures the duty of a bailee for hire. This was manifest error.

Upon the reported facts the failure to return the lost earring is not a conversion. "The action of trover is not maintained by proof of negligence, but only of misfeasance amounting to a conversion." Foster, J., in *Hall* v. *Boston & Worcester Railroad,* 14 Allen, 439, 443.

As regards the other earring, the facts found warrant a finding that the defendant, in the possession of the earring, on demand refused to deliver it to the owner, the plaintiff. Moreover, the testimony of the defendant would warrant a finding that he delivered the earring to a person unauthorized to receive it by the owner or by the person from whom the defendant received it. An action of trover will lie upon either view of the facts. *Devereux* v. *Barclay,* 2 B. & Ald. 702. *Claflin* v. *Boston & Lowell Railroad,* 7 Allen, 341. *Saxon Mills* v. *New York, New Haven, & Hartford Railroad,* 214 Mass. 383, 391, and cases cited.

At the close of the evidence the defendant asked the judge to rule "that upon all the evidence judgment must be directed for the defendant." In effect, this was a request to rule that the evidence was insufficient in any legal form of declaring to justify a finding for the plaintiff for any amount. *Ideal Leather Goods Co.* v. *Eastern Steamship Corp.* 220 Mass. 133. *Brown* v. *Pelonsky,* 210 Mass. 502, 506. The request was refused rightly.

However, it is manifest that judgment should not be entered for $85, the value of both earrings, but should be in such amount as upon hearing shall be determined was the value of the single

earring at the time it was converted. *Loanes* v. *Gast*, 216 Mass. 197, 199.

It follows that the order of the Appellate Division of the Municipal Court of the City of Boston, "Report dismissed," must be affirmed.

*So ordered.*