HARRY ALTMAN *vs.* JOSEPH ARONSON & others.

Suffolk.    October 29, 1918. — January 4, 1919.

Present: RUGG, C. J., BRALEY, DE COURCY, CROSBY, & PIERCE, JJ.

*Bailment*, Gratuitous.  *Sale*, Return of goods.  *Negligence*, Gross, Of bailee. *Evidence*, Presumptions and burden of proof.

A purchaser, who, upon examining goods shipped to him to fulfil a contract of sale by sample, discovers that the goods do not conform to the sample and reships them to the seller, in doing so is a gratuitous bailee of the goods.

A gratuitous bailee is liable to his bailor only for damages caused by bad faith or gross negligence for which he is responsible.

Statement by RUGG, C. J., of the rules in regard to negligence, gross negligence and wilful, wanton and reckless conduct.

Where the evidence at the trial of an action makes the rules distinguishing negligence from gross negligence applicable, a party requesting rulings as to such distinction has a right to have adequate instructions given to the jury on that subject.

At the trial of an action by a bailor against a gratuitous bailee for damages resulting from the fact that the defendant in shipping the bailed goods by express to the plaintiff stated to the express company as their value $50 when the goods were worth over $280, whereby, upon the goods being lost by the express company, the plaintiff was able to collect from it only $50 instead of the value of the goods, the judge correctly instructed the jury that the defendant's duty was to act in good faith, and that the degree of care which he was bound to exercise was measured by the carefulness which he used toward his own property of a similar kind under like circumstances.  Subject to exceptions by the defendant, he further instructed the jury that, "in determining the question that is presented here, it would be necessary to ask the question whether the defendant, in dealing with the property of the plaintiff, did deal with it with the same degree of carefulness which any person would use toward his own property of similar kind, under like circumstances," and, continuing, stated as the standard for the jury's guidance, the conduct of an "ordinarily prudent man . . . under like circumstances."  *Held*, that this rule last laid down would impose upon the defendant liability for simple negligence when he was liable only for bad faith or gross negligence, and was erroneous.

At the trial above described, the only evidence of the standard of care exercised by the defendant toward his own goods of similar character was from one of his own employees and tended to show the same degree of care as that shown as to the bailed goods.  *Held*, that, since the jury might disbelieve this testimony, they, having no other evidence on the subject, might be unable to find bad faith on the part of the defendant and would need some guide as to what rule they should follow; and that the judge's instruction, giving the rule as to ordinary negligence, which then would be their only guide, therefore was prejudicial to the defendant.

It *also was said* that on the evidence set out above, with the testimony of the defendant's employee disbelieved, a finding was warranted that the defendant was grossly negligent in reshipping the silk to the plaintiff with a valuation of not more than $50, when its value was more than $280.

TORT for damages resulting from alleged negligence of the defendants in their method of reshipping to the plaintiff certain silk which the plaintiff had sold to the defendants but the defendants had refused to accept because it did not fulfil the requirements of their order.    Writ dated June 25, 1917.

In the Superior Court the action was tried before *Hitchcock*, J. The plaintiff's evidence tended to show that the goods were worth $283.24.   Other material evidence is described in the opinion. At the close of the evidence the defendants moved that a verdict in their favor be ordered, and, that motion being denied, asked for and the judge refused to make the following rulings among others:

"8. The deposit of the merchandise with the defendants by the plaintiff was for the sole benefit of the plaintiff and the defendants owed no greater duty to the plaintiff in reference thereto than a gratuitous bailee owes to his bailor.

"9. The duty, if any, which the defendants owed to the plaintiff in reference to the merchandise was even less than that which a gratuitous bailee owes to his bailor, because the merchandise came into the defendants' hands against their will through the wrongdoing of the plaintiff.

"10. A gratuitous depositary or bailee is liable only for bad faith or gross negligence in reference to the thing bailed.

"11. Gross negligence means a materially greater want of care than in case of ordinary negligence.

"12. Gross negligence is something less than the wilful, wanton and reckless conduct which makes a defendant liable to a trespasser.

"13. There is not sufficient evidence to warrant a finding that the defendants acted with such want of care in relation to the merchandise as to make them liable to the plaintiff in this action.

"14. There is not sufficient evidence to warrant a finding that the defendants acted in bad faith or with gross negligence."

The jury found for the plaintiff in the sum of $271.97; and the defendants alleged exceptions.

The case was submitted on briefs.

*S. Sigilman,* for the defendants.

*P. W. Jacobs & J. B. Jacobs,* for the plaintiff.

RUGG, C. J.   The defendants bought by sample seven pieces of silk of the plaintiff.   Certain silk from the plaintiff was delivered to the defendants by express, which on examination was found not to correspond to the sample.   The defendants immediately reshipped the silk to the plaintiff.   It was lost by the express company and never was delivered to the plaintiff.   There was evidence that the defendants or one of their employees stated to the express company at the time of the return shipment that the value of the goods was under $50.   In truth their value was much greater.   This action in tort is brought to recover the value of the silk (less $50 collected of the express company), on the ground of negligence.

There is no controversy that the defendants in reshipping the silk were gratuitous bailees.   The point to be decided is the measure of their liability as such.

It was said by Chief Justice Parker in the leading case of *Foster* v. *Essex Bank,* 17 Mass. 479, 498, 499, 507: "It will not be disputed, that, if it amounts only to a naked bailment, without reward, and without any special undertaking, which, in the civil and common law, is called *depositum,* the bailee will be answerable only for gross negligence, which is considered equivalent to a breach of faith; as every one, who receives the goods of another in deposit, impliedly stipulates that he will take some degree of care of it.   The degree of care, which is necessary to avoid the imputation of bad faith, is measured by the carefulness which the depositary uses towards his own property of a similar kind.   For although that may be so slight, as to amount even to carelessness in another; yet the depositor has no reason to expect a change of character, in favor of his particular interest; and it is his own folly to trust one, who is not able, or willing, to superintend with diligence his own concerns. . . . The rule to be applied to this species of bailment is . . . that the depositary is answerable, in case of loss, for gross negligence only, or fraud which will make a bailee of any character answerable."   This statement of the law, although made in 1821, constantly through the intervening years has been recognized

as comprehensive and sound, both in this Commonwealth and, with some exceptions, generally. As applied to a case of gratuitous bailment, it is adequate. It has recently been reiterated. *Rubin* v. *Huhn*, 229 Mass. 126.

The distinction between gross negligence and ordinary negligence. also from that early date has been recognized and established. All the pertinent decisions are reviewed at length in *Massaletti* v. *Fitzroy*, 228 Mass. 487. Expressions of dislike of the term "gross negligence," or of inability to understand or formulate the distinction between gross and ordinary negligence, which at various times and in divers jurisdictions have found their way into judicial opinions, are no longer relevant to discussions of that branch of the law as it prevails in this Commonwealth. The difficulty in stating that distinction in cases, where the evidence requires it, must be met and overcome so far as possible. Indeed, simple negligence has sometimes been said not to be susceptible of easy definition. See *Gaynor* v. *Old Colony & Newport Railway*, 100 Mass. 208, 214. But legal obligations must be marked out and explained for the guidance of jurors, the enlightenment of the parties, and the information of the public.

Negligence, without qualification and in its ordinary sense, is the failure of a responsible person, either by omission or by action, to exercise that degree of care, vigilance and forethought which, in the discharge of the duty then resting on him, the person of ordinary caution and prudence ought to exercise under the particular circumstances. It is a want of diligence commensurate with the requirement of the duty at the moment imposed by the law.

Gross negligence is substantially and appreciably higher in magnitude than ordinary negligence. It is materially more want of care than constitutes simple inadvertence. It is an act or omission respecting legal duty of an aggravated character as distinguished from a mere failure to exercise ordinary care. It is very great negligence, or the absence of slight diligence, or the want of even scant care. It amounts to indifference to present legal duty and to utter forgetfulness of legal obligations so far as other persons may be affected. It is a heedless and palpable violation of legal duty respecting the rights of others. The ele-

ment of culpability which characterizes all negligence is in gross negligence magnified to a high degree as compared with that present in ordinary negligence. Gross negligence is a manifestly smaller amount of watchfulness and circumspection than the circumstances require of a person of ordinary prudence. But it is something less than the wilful, wanton and reckless conduct which renders a defendant who has injured another liable to the latter even though guilty of contributory negligence, or which renders a defendant in rightful possession of real estate liable to a trespasser whom he has injured. It falls short of being such reckless disregard of probable consequences as is equivalent to a wilful and intentional wrong. Ordinary and gross negligence differ in degree of inattention, while both differ in kind from wilful and intentional conduct which is or ought to be known to have a tendency to injure.

This definition does not possess the exactness of a mathematical demonstration. But it is what the law now affords. It is the result of our own decisions. *Massaletti* v. *Fitzroy*, 228 Mass. 487, and cases cited at 500, 501. *Devine* v. *New York, New Haven, & Hartford Railroad*, 205 Mass. 416, 419. *Banks* v. *Braman*, 188 Mass. 367, 369. *Aiken* v. *Holyoke Street Railway*, 184 Mass. 269, 271. It is supported by the great weight of authority in other jurisdictions.*

* *Weld* v. *Postal-Telegraph Cable Co.* 210 N. Y. 59, 71, 72. *Neal* v. *Gillett*, 23 Conn. 437, 443. *Gray* v. *Merriam*, 148 Ill. 179. *Dallas City Railroad* v. *Beeman*, 74 Texas, 291. *Farmers' Mercantile Co.* v. *Northern Pacific Railway*, 27 No. Dak. 302. *Whitney* v. *First National Bank of Brattleboro*, 55 Vt. 154. *Lothian* v. *Western Union Telegraph Co.* 25 So. Dak. 319, 323. *Coit* v. *Western Union Telegraph Co.* 130 Cal. 657, 664. *Bennett* v. *New York, New Haven, & Hartford Railroad*, 57 Conn. 422, 426. *Doorman* v. *Jenkins*, 2 Ad. & El. 256. *Kingston* v. *Drennan*, 27 Canada Sup. Ct. 46, 60. *Donaldson* v. *Acadia Sugar Refining Co. Ltd.* 48 Nova Scotia, 451, 458. *Union Pacific Railway* v. *Henry*, 36 Kans. 565, 569, 570. *Jones* v. *Atchison, Topeka & Santa Fe Railway*, 98 Kans. 133, 137. *Chicago, Burlington & Quincy Railroad* v. *Johnson*, 103 Ill. 512, 525. *Jacksonville Southeastern Railway* v. *Southworth*, 135 Ill. 250, 255. *Memphis & Little Rock Railroad* v. *Sanders*, 43 Ark. 225, 229. *Campbell* v. *Monmouth Mutual Fire Ins. Co.* 59 Maine, 430, 437. *Wexel* v. *Grand Rapids & Indiana Railway*, 190 Mich. 469, 477. *Holwerson* v. *St. Louis & Suburban Railway*, 157 Mo. 216, 240, 241. *Bannon* v. *Baltimore & Ohio Railroad*, 24 Md. 108, 124. *Poling* v. *Ohio River Railroad*, 38 W. Va. 645, 661. *Strong* v. *Western Union Telegraph Co.* 18 Idaho, 389, 406. *Walther*

The definition here given does not differ in any essential particular from the statement of the rule made by some courts to the effect that gross negligence is the omission of even such diligence as habitually inattentive and careless men do not fail to exercise in avoiding danger to their own person or property. *Dudley* v. *Camden & Philadelphia Ferry Co.* 13 Vroom, 25, 28. *Louisville & Nashville Railroad* v. *McCoy,* 81 Ky. 403, 413. *Louisville & Nashville Railroad* v. *Smith,* 135 Ky. 462. *White, Washer & King* v. *Western Union Telegraph Co.* 5 McCrary, 103, 113. *Wiser* v. *Chesley,* 53 Mo. 547. *McNabb* v. *Lockhart & Thomas,* 18 Ga. 495, 507.

But the definition here formulated is fundamentally at variance with that given in some other jurisdictions, which hold that gross negligence implies wilful conduct, either actual or constructive, intended to cause injury, a variance recognized in some of those decisions. *Jorgenson* v. *Chicago & Northwestern Railway,* 153 Wis. 108, 116. *Louisville & Nashville Railroad* v. *Orr,* 121 Ala. 489, 499. See *Bouchard* v. *Dirigo Mutual Fire Ins. Co.* 114 Maine, 361, 365. The reasons why this court cannot adopt the view of those decisions are set forth at length in *Banks* v. *Braman,* 188 Mass. 367, and need not be repeated here. Moreover, those decisions appear to ignore the contradiction implied in the use of "wilful negligence." See, in this connection, *Chicago, Rock Island & Pacific Railway* v. *Hamler,* 215 Ill. 525, 540; *Terre Haute & Indianapolis Railway* v. *Graham,* 95 Ind. 286, 293; *Thayer* v. *Denver & Rio Grande Railroad,* 21 N. M. 330, 346; *Milwaukee & St. Paul Railway* v. *Arms,* 91 U. S. 489.

Since the distinction between negligence and gross negligence is imbedded in our law and its principles for the discernment of that distinction are established, a party, whenever the evidence makes them applicable, has a right to insist that the jury be instructed in conformity to them.

In the case at bar the judge instructed the jury respecting the liability of the defendants as gratuitous bailees by saying at first: "'The duty which the law imposes on gratuitous bailees is that the bailee shall act in good faith.' That is, shall use the degree of care in the performance of the undertaking which is

v. *Southern Pacific Co.* 159 Cal. 769. *Lee* v. *Northwestern Railroad,* 89 S. C. 274. *Colyar* v. *Taylor,* 1 Coldw. 372.

measured by the carefulness which the depositary uses toward his own property of similar kind, under like circumstances." That was correct. But the charge did not stop there. The judge then said further: "So that, in determining the question that is presented here, it would be necessary to ask the question whether the defendants, in dealing with the property of the plaintiff, did deal with it with the same degree of carefulness which any person would use toward his own property of similar kind, under like circumstances. . . . Now, if the ordinarily prudent man, in shipping goods, in dealing with his own property, would have shipped them by an express company, and would have shipped them upon an express receipt in which the value was limited to not more than a certain sum, if that would be what an ordinarily prudent man would have done under like circumstances and in a similar situation; if that is what these defendants did, of course, they are not liable. If, on the other hand, they did not deal with it as the ordinarily prudent man, dealing with his own property under like circumstances, would have done, and if they were careless in not doing so, then the plaintiff would be entitled to a verdict in this case." That was erroneous. It imposed upon the defendants liability for simple negligence. As has been pointed out, they were not liable for ordinary negligence, but only for gross negligence or bad faith.

It would have been correct to state the law as laid down in *Foster* v. *Essex Bank, ubi supra,* or in *Rubin* v. *Huhn, ubi supra,* and instruct the jury that bad faith or gross negligence in dealing with the goods held by them was the standard of the defendants' liability, and that failure to use with respect to the plaintiff's goods the same care which they exercised toward their own was sufficient to establish bad faith and hence liability. But the only evidence as to the way in which the defendants dealt with their own goods of similar character under like circumstances came from an employee of the defendants. The jury might not believe his testimony. If they reached that conclusion, then they would have no standard of bad faith as established by the conduct of the defendants with respect to their own goods under like circumstances, and would need some guide as to the law which they ought to follow. The judge gave them the rule of ordinary negligence. He ought to have stated to

them the other standard of the defendants' liability, that is to say, the liability arising from gross negligence with respect to the property of the plaintiff as defined heretofore in this opinion. This, although requested, he failed to do.

The judge rightly refused to direct a verdict in favor of the defendants. The facts were sufficient to support a finding for the plaintiff. It was for the jury to say whether it was not gross negligence or want of good faith on the part of the defendants to fail to observe the quantity of silk and to reship it to the plaintiff with an excessive undervaluation given to the carrier, a statement as to value by which the parties became bound by contract. *Aradalou* v. *New York, New Haven, & Hartford Railroad,* 225 Mass. 235, and cases cited at page 238.

The jury may have discredited the evidence tending to show that they exercised the same care with respect to the goods of the plaintiff as they did with respect to their own. If they did so discredit it, then they might find gross negligence on the other evidence.

*Exceptions sustained.*