## IRVING J. WEISER vs. JOHN H. LANE.

Suffolk.    January 3, 1923. — March 3, 1923.

Present: RUGG, C.J., BRALEY, CROSBY, PIERCE, & CARROLL, JJ.

*Innkeeper.    Bailment.    Evidence,* Materiality.    *Agency,* Existence of relation.

In the declaration in an action of contract by a travelling salesman against the proprietor of a hotel for damages due to the loss of a sample case of the plaintiff and its contents, the plaintiff alleged that "the defendant undertook and agreed to move and transfer the plaintiff's sample" case from a railroad station to the hotel, "that the plaintiff delivered his railroad check to the defendant . . . and paid the defendant . . . for transfer charges" and "that, although the plaintiff has often requested the defendant to deliver said sample" case, "the defendant refused and still refuses so to do."    At the trial, the evidence tended merely to show that the defendant's agent, with full knowledge of its value, undertook at the plaintiff's request to have the case transported from the railroad station to the hotel, where it was seen by the plaintiff in the lobby mingled with trunks and other sample cases, which, as the plaintiff knew, were not permitted in the rooms of guests but were to be kept in a storage room, and that the case thereafter disappeared and had been totally lost.    *Held,* that a verdict for the plaintiff was not warranted, as the service agreed by the defendant to be performed for the plaintiff had been performed fully when the case was delivered at the hotel and identified by the plaintiff.

At the trial of the action above described, after the defendant upon redirect examination had testified that a certain person did the transporting to and from the hotel, the defendant "simply" giving "him the privilege of doing it" and deriving "no revenue from him at all," and that for the transporting of the sample case in question the hotel had charged the plaintiff forty cents, the defendant may be permitted further to testify that he had paid such person forty cents for such transportation.

CONTRACT by a travelling salesman against the proprietor on September 3, 1919, of the "Hotel Brewster" in Boston, for the loss of a sample case and its contents, the plaintiff alleging in his declaration, as the basis of his claim, that "the defendant undertook and agreed to move and transfer the plaintiff's sample cases from the South Station in Boston to the aforesaid hotel; that the plaintiff delivered his railroad check to the defendant, his agents and servants, and paid the defendant the sum of forty cents for transfer charges; that although the plaintiff has often requested the defendant to deliver said sample cases, the defendant refused and still refuses so to do."    Writ dated April 8, 1920.

In the Superior Court, the action was tried before *Hammond*, J. Upon redirect examination the defendant had testified that one Donovan did the transporting to and from the hotel, the defendant "simply" giving "him the privilege of doing it" and deriving "no revenue from him at all," and that for the transporting of the sample case in question the hotel had charged the plaintiff forty cents. Subject to an exception by the plaintiff, the defendant was permitted further to testify that he had paid Donovan forty cents for such transportation. Other material evidence is described in the opinion.

At the close of the evidence by order of the judge a verdict for the defendant was entered, "it being stipulated that, if on the whole evidence the action should have been submitted to the jury, judgment is to be entered for the plaintiff in the sum of $362.75."

The case was submitted on briefs.

*G. E. Roewer, Jr., J. Bearak & E. M. Shanley,* for the plaintiff.

*J. Cavanagh,* for the defendant.

BRALEY, J. The verdict for the defendant was ordered rightly. The R. L. c. 102, § 10, in force when the alleged bailment was made, after designating the class of property for the loss of which the defendant as an innholder would be liable, and limiting the amount of damages recoverable, also provides, that "this section shall not affect the innholder's liability under the provisions of any special contract for other property deposited with him for safe keeping after being fully informed of its nature and value, nor increase his liability in case of loss by fire or overwhelming force beyond that specified in the following section," which reads, "In case of loss by fire or overwhelming force, innholders shall be answerable to their guests only for ordinary and reasonable care in the custody of their baggage or other property." See *Mason v. Thompson,* 9 Pick. 280. The plaintiff, a travelling salesman, a guest at the defendant's hotel, rests his right of recovery for the loss of his sample case containing samples of children's dresses to be shown to customers, on the exception just quoted. The jury undoubtedly could have found on all the evidence, none of which was improperly admitted, that the defendant's agent with full knowledge of its value undertook at the plaintiff's request to have the case transported from the railroad station to the hotel, where it was seen by the plaintiff in the lobby mingled with trunks and

other sample cases, which, as the plaintiff knew, were not permitted in the rooms of guests but were to be kept in a storage room, and that the case thereafter disappeared and has been totally lost. It also could be found that a charge of forty cents for the transportation was charged in the hotel bill and paid by the plaintiff. But when the case was delivered at the hotel and identified by the plaintiff, the service had been fully performed, and thereafter it was subject to his control and disposition. *Murray* v. *Postal Telegraph-Cable Co.* 210 Mass. 188, 194. It is manifest that no custody was asked for or undertaken by the defendant as part of the contract for the plaintiff's board and lodging as in *Coe* v. *Ricker*, 214 Mass. 212, and, there having been no arrangement for storage or safe keeping for hire, the defendant at most was a gratuitous bailee, liable only for want of ordinary care of which the record shows no evidence. *Newhall* v. *Paige*, 10 Gray, 366. *Smith* v. *First National Bank in Westfield*, 99 Mass. 605. *Rubin* v. *Huhn*, 229 Mass. 126.

*Exceptions overruled.*