## JAMES M. BURKE *vs.* JOHN A. COOK.

Barnstable. October 15, 1923. — November 27, 1923.

Present: RUGG, C.J., BRALEY, DECOURCY, PIERCE, & JENNEY, JJ.

*Negligence,* Gross, Invited person. *Motor Vehicle. Evidence,* Admitted without objection, Competency.

In an action of tort for personal injuries received by a guest being transported gratuitously in a motor car owned and operated by the defendant, there was evidence tending to show that the car was going very slowly when it crossed a bridge over the Cape Cod Canal a short distance from the scene of the accident and that it was on a straight macadam road with unobstructed vision for a long way ahead, with only one other vehicle in sight and without intersecting ways; that after crossing the bridge the speed of the car increased until it met or passed another vehicle; that just after passing such vehicle and while the car was " going fast," or at the rate of thirty-five miles an hour, there was a " thump, thump, thump," from the right rear wheel, that the car seemed to be steering to the right, that the defendant turned his steering wheel quickly to the left, when the car went up in the air, turned over and struck on its top, making a mark in the hardened road as of a car sliding on its top for three or four times its length, and that after the accident one of the rear tires was discovered to have a long cut. A motion that a verdict be ordered for the defendant on the ground that there was no evidence warranting a finding that the defendant was guilty of gross negligence was denied, subject to an exception by the defendant. There was a verdict for the plaintiff. *Held,* that

(1) Testimony of the plaintiff, admitted without objection by the defendant and tending to show that a witness, who had been called by him and who had testified to a speed of not more than thirty-five miles an hour after leaving the bridge, had said that a speed of sixty-three miles then was reached, was competent only as tending to contradict the witness's previous testimony as to the lower rate of speed and not to establish the higher rate;

(2) Evidence tending to show gross negligence on the part of the defendant was necessary in order to warrant a submission of the action to a jury;

(3) In appropriate cases a ruling can be made that the facts are not sufficient to justify a verdict based wholly upon the existence of gross negligence, although the evidence might warrant a finding of negligence;

(4) The evidence did not warrant a finding that the defendant was guilty of gross negligence;

(5) A verdict for the defendant should have been ordered in the Superior Court, and, in the circumstances and under G. L. c. 231, § 122, judgment for the defendant was ordered by this court.

TORT for personal injuries received by the plaintiff on October 5, 1920, while riding in an automobile owned and driven by the defendant and at his invitation. Writ dated October 7, 1920.

In the Superior Court, the action was tried before *Wait*, J. One Smith, a witness called by the plaintiff, testified in substance that he was a passenger in the automobile with the plaintiff and that, after leaving Buzzards Bay Bridge and at the time of the accident, the speed of the automobile was not greater than thirty-five miles an hour. The plaintiff, without objection so far as the record showed, then testified that Smith had said that " the car was going as fast as sixty-three miles an hour after leaving the Buzzards Bay Bridge." The defendant called no witnesses. Other material evidence is described in the opinion. The defendant moved that a verdict be ordered in his favor on the ground that there was no evidence of gross negligence. The judge denied the motion. The jury found for the plaintiff in the sum of $1,725. The defendant alleged exceptions.

*C. C. Campbell*, for the defendant.

*W. Welch*, for the plaintiff.

JENNEY, J. The plaintiff, who was injured while riding in the fall of 1920 as a guest in a seven-passenger automobile owned and operated by the defendant, bases liability on gross negligence.

The plaintiff sat at the left end of the rear seat and had a seat mate; one person rode beside the driver, and there were two on intermediate seats. The journey as planned was to be from Provincetown to New Bedford and was for pleasure. ". . . Not a word was spoken [at any time] to the defendant by way of complaint as to his driving, management, or rate of speed, by any person in the car." The motor car crossed the bridge over the Cape Cod Canal at Buzzards Bay " going very slowly, this being at a place only a short distance from the scene of the accident." The way where the accident happened was a straight macadam road where there was unobstructed vision for a long distance ahead. The only other traffic was a vehicle hereinafter

referred to; " there were no people, no intersecting ways, and there were bushes and trees on both sides of the road."

The testimony considered in the aspect most favorable to the plaintiff was sufficient to justify a finding that the accident happened as now described. After crossing the bridge the speed of the automobile increased until a team or truck was met or passed; soon after this, a very few seconds before the accident and while the car, as one witness expressed it, was " going fast," its speed, according to others, being at the rate of thirty-five miles an hour, and just as the other vehicle was passed, there was a " thump, thump, thump," from the right rear wheel, and in a very short time variously described as a second or two or two or three seconds, the automobile went up in the air and turning over struck on its top, making a mark in the hardened road as of a car sliding on its top for three or four times its length. " Just before the accident the car seemed to be steering to the right and . . . the defendant turned his wheel to the left, and did it quickly, and the car turned over." The noise described indicated that there had been some trouble in the right rear wheel or its shoe, and after the accident one of the rear tires had a long cut.

The evidence that one witness said that the car was going as fast as sixty-three miles an hour after leaving the bridge, was admitted without objection and was competent only to contradict that testimony, which indicated a considerably lower rate of speed, and it cannot be considered for any other purpose. *Robbins* v. *McCabe*, 239 Mass. 275, 278.

The defendant by written motion requested the direction of a verdict in his favor for the stated reason that there was no evidence of gross negligence, and excepted to the failure to direct such a verdict. The case was submitted to the jury without any exception to the instructions actually given, and the plaintiff had a verdict.

Clearly if this action can be maintained by proof of what is sometimes called ordinary negligence for the purpose of distinguishing it from gross negligence, there was a jury issue. The rate of speed, the quick turning of the automobile and its overturn, together were sufficient to justify a

conclusion founded on the failure to fulfil that duty. But confessedly the plaintiff cannot get on unless the evidence was sufficient to uphold a verdict based on gross negligence. *Massaletti* v. *Fitzroy*, 228 Mass. 487. *O'Leary* v. *Fash*, 245 Mass. 123, and cases collected at page 124. The governing principles as to what is necessary to constitute gross negligence have recently been fully considered in *Altman* v. *Aronson*, 231 Mass. 588, and do not require restatement. In that case the aggravated character of such negligence is declared. It is said (page 591): " It amounts to indifference to present legal duty and to utter forgetfulness of legal obligations so far as other persons may be affected. It is a heedless and palpable violation of legal duty respecting the rights of others. The element of culpability which characterizes all negligence is in gross negligence magnified to a high degree as compared with that present in ordinary negligence. Gross negligence is a manifestly smaller amount of watchfulness and circumspection than the circumstances require of a person of ordinary prudence." Doubtless there may be cases so near the border line that a tribunal whose duty it is to apply only legal principles cannot reverse the factual conclusion embodied in a verdict. The power so to do must be exercised with the utmost caution.

The probative effect of the facts here shown must be tested by the standard declared. The measure that is to be applied is one of law, hence not within the control of the jury. In appropriate cases a ruling can be made that the facts are not sufficient to justify a verdict based wholly upon the existence of gross negligence. *Bell* v. *Siegel*, 242 Mass. 380. See *Debbins* v. *Old Colony Railroad*, 154 Mass. 402. The skidding of the car was not of itself evidence of negligence. *Kelleher* v. *Newburyport*, 227 Mass. 462, 464. *Lambert* v. *Eastern Massachusetts Street Railway*, 240 Mass. 495. The description of the speed as " fast " did not spell gross negligence. Such characterization falls far from showing a rate of operation unusually high or dangerous, or so excessive as to constitute that breach of duty. See *Foley* v. *Boston & Maine Railroad*, 193 Mass. 332; *Olund* v.

*Worcester Consolidated Street Railway*, 206 Mass. 544; *Singer Sewing Machine Co.* v. *Springfield Street Railway*, 216 Mass. 138. A speed of thirty-five miles an hour, while *prima facie* evidence of a rate higher than is reasonable and proper if continued for the distance of a quarter of a mile, was not conclusive even of negligence. The criterion is what was " reasonable and proper, having regard to traffic and the use of the way and the safety of the public." St. 1910, c. 605, § 6, now G. L. c. 90, § 17.

In the opinion of a majority of the court, the speed of the car upon a roadway substantially free from traffic without intersecting streets and without obstruction of vision, the passing of another vehicle in the manner described, the act of turning the wheel quickly to the left, and the turning over and sliding of the car as hereinbefore stated, whether considered separately or in conjunction, do not tend to prove such " indifference to present legal duty " and " utter forgetfulness of legal obligations so far as other persons may be affected " as to constitute " a heedless and palpable violation of legal duty " to the plaintiff or " a manifestly smaller amount of watchfulness and circumspection " than the circumstances required. See *Altman* v. *Aronson, supra.*

Because of this conclusion the defendant's other exceptions need not be considered. The mandate to be entered is, exceptions sustained, judgment for the defendant under G. L. c. 231, § 122.

*So ordered.*