GERTRUDE M. PRINN *vs.* FRANK DE RICE.

Cumberland County.   Decided March 15, 1930.   This was an action for the recovery of damages for personal injuries sustained by the plaintiff while riding as a gratuitous passenger in an automobile owned by her sister, the wife of the defendant driver.

The accident occurred in the Commonwealth of Massachusetts while the parties were en route from Portland, Maine. By agreement and stipulation the case was tried under the Massachusetts rule with the burden on the plaintiff of establishing the gross negligence of the defendant, as defined in *Altman* v. *Aronson et als*, 231 Mass., 588; *Burke* v. *Cook*, 246 Mass., 518; and *Massaletti* v. *Fitzroy*, 228 Mass., 487, and her own due care, as defined in *Shultz* v. *Old Colony Street Railway Co.*, 193 Mass., 309; *Oppenheim* v. *Barkin*, 262 Mass., 281; *Lambert* v. *Eastern Massachusetts Street Railway Co.*, 240 Mass., 495.

At the close of the evidence the defendant filed a written motion for a directed verdict. This motion was denied by the presiding Justice and to this refusal the defendant took exceptions.

A verdict in favor of the plaintiff, in the sum of sixty-five hundred fifty-eight dollars and seventy-five cents ($6,558.75) was found by the jury, and a general motion for a new trial on the usual grounds was seasonably filed by the defendant.

The exception and the motion, except as far as the latter relates to the amount of damages, depend on the answer to the same fundamental question as to whether, under the Massachusetts rule as stipulated, the verdict in this case is so plainly contrary to the evidence that manifestly the jury was influenced by prejudice, bias, passion or mistake.

Without recital of testimony, but after a most careful reading and weighing of the entire record in the case, we are convinced that the verdict of the jury is supported by such a degree of sufficient and convincing evidence that it should not be disturbed by this Court.

And for the same reason we find no error in the refusal of the presiding Justice to direct a verdict for the defendant.

From the evidence in the case the jury was justified in finding that the burden of establishing her own due care was sustained by the plaintiff, and was also justified in the further finding, in accordance with the stipulations in the case, that the defendant was guilty of gross negligence, a doctrine not recognized in this state, but which by agreement of parties to this suit has been made the rule of recovery.

It is not for this court to interfere with a verdict on the ground of excessive damages merely because the amount is large or because the court might have awarded a smaller amount. Unless the verdict very clearly appears to be excessive upon any view of the facts which the jury is authorized to adopt, it will not be disturbed.

In view of all the evidence bearing on the pain and suffering of the plaintiff, her expenses, the extent of the injury, and its permanent effect as testified by the physicians on both sides, we are unable to say that the jury was not justified in its finding as to damages.

The entry, therefore, must be, Exceptions and motion overruled.

*Edmund F. Mahoney,* for plaintiff. *David H. Fulton, William B. Mahoney, John B. Thomes,* for defendant.