*Northern District*

No. 4661

## GUY F. DANIELS

v.

## ADRA L. DAY

(March 9, 1954)

*Gadsby, P. J.* This is an action of tort to recover damages for the loss of a chest containing valuable tools which was left on the premises of the defendant by the plaintiff.

The plaintiff sets forth three counts in his declaration. In the first and second counts, the plaintiff alleges, in substance, that he entrusted the chest of tools to the defendant and that, as a result of her negligence, he was deprived of his property. In the third count, the plaintiff alleges conversion of said property by the defendant.

The answer of the defendant was a general denial.

At the close of the evidence and before final argument, the plaintiff made the following requests for rulings:

1. On all the evidence, a finding is warranted for the plaintiff on count 1.

2. On all the evidence, a finding is warranted for the plaintiff on count 2.

3. On all the evidence, a finding is warranted for the plaintiff on count 3.

4. That a contract of bailment for the storage of the chest was implied between the plaintiff and the defendant.

5. That delivery of property by a bailee to a person not authorized by the owner is of itself a conversion, rendering the bailee liable without regard to the

question of due care or negligence. *Blaisdell v. Hersum, & Co.,* 233 Mass. 91.

6. That, even if the bailment was gratuitous, the defendant is liable for conversion when upon demand the subject of the bailment is not returned to the owner. *Rubin v. Huhn,* 229 Mass. 126.

7. That, even if the defendant undertook, without reward, to take care of the plaintiff's property, she was required to use such care as men of common sense and prudence ordinarily take care of their own affairs, and is liable for bad faith.

8. That, in determining the quality of care, the value of the bailment is one element to be considered.

9. That the conduct of the defendant in allowing free access to the premises upon which the plaintiff's valuable chest of tools were stored amounted to gross negligence. *Morse v. Homer,* 295 Mass. 606.

10. That there is sufficient evidence to warrant a finding that the defendant acted with gross negligence.

11. That there is sufficient evidence that the defendant acted in bad faith.

12. That the defendant is responsible for the negligence of, or the acts of omission or commission of her agents, servants or employees.

## The Court denied certain requests for rulings as follows:

1. Given
2. Given
3. Given
4. Not given, See finding of facts
5. Given
6. Not given, because inapplicable to the facts as found
7. Given, but see finding of facts.
8. Given
9. Not given, because inapplicable to the facts as found
10. Not given, see finding of facts.
11. Not given
12. Not given, see finding of facts.

## The Court found the following facts:

"In September, 1948, the defendant purchased the real estate and building known as 177 Humphrey Street, in the Town of Marblehead. At the time of the purchase, there was a chest containing mechanical tools, located in the basement of the said building and belonging to the plaintiff.

In October, 1948 after the plaintiff learned of the purchase of the building by the defendant, the plaintiff informed the defendant that the tool chest belonged to him; whereupon, the defendant told the plaintiff that he could take the tool chest at anytime he wished. Within a week thereafter, the plaintiff came for his tool chest, but found it too heavy for him to move out of the said basement. He then told the defendant that would come back in a few days with another person who would help him to move it. Within a week or ten days, when the plaintiff returned, the tool chest was not there and could not be found anywhere in the said building. During the time herein related, the said building was not occupied by the defendant, but was under repairs by carpenters and painters; that there were three keys to the said building, one was in the possession of the carpenters, another was held by the painters, and a third key remained with the defendant.

There was testimony that at some time during the period between the plaintiff's second and third visit to the said building, a window leading to the basement in the said building was broken or forced open.

Upon the aforesaid findings I am unable to find any negligence or conversion on the part of the defendant.

I find for the defendant on all counts of the plaintiff's declaration".

The report contains all the evidence material to the question reported.

The plaintiff, claiming to be aggrieved by the rulings and refusals to rule as requested, and the findings of fact, I hereby report same to the Appellate Division for determination.

/s/     Israel Cherry
_____
Special Justice

There was nothing inconsistent with the action of the trial judge in granting requests nos. 1, 2 and 3; that a finding was warranted for the plaintiff and then find for the defendant. All that the judge did was to state that there was sufficient evidence to warrant submitting the case to himself as jury in order to pass on crucial questions of fact. Because a finding may be warranted, does not mean that it is required.

Furthermore, if there is anything inconsistent between the action of the judge in granting requests and his finding, a motion for its correction should have been made. *DiLorenzo v. Atlantic National Bank*, 228 Mass. 321.

Taking the view most favorable to the plaintiff that there existed a bailment, the situation was that of a gratuitous bailment and the plaintiff could recover only by showing gross negligence on the part of the bailee.

In *Altman v. Aronson*, 231 Mass. 588 at 591, the Court said, "Gross negligence is substantially and appreciably higher in magnitude than ordinary negligence. It is materially more want of care than constitutes simple inadvertence. It is an act or omission respecting legal duty of an aggravated character as distinguished from a mere failure to exercise ordinary care. It is very great negligence, or the absence of slight diligence, or the want of even scant care. It amounts to indifference to present legal duty and to utter forgetfulness of legal obligations so far as other persons may be affected. It is a heedless and palpable violation of legal duty respecting the rights of others."

Therefore, the Court was correct in denying recovery on counts 1 and 2.

Recovery is sought on count 3, on the theory of conversion. There was no evidence that the defendant wrongfully exercised any dominion over the plaintiff's property. As a matter of fact, there was no actual delivery by the defendant to anybody. It is not known who took the property. The case cited by the plaintiff

in his brief of *Blaisdell v. Hersum & Co.*, 233 Mass. 91, is not in point. While it is true that delivery of property by a bailee to a person not authorized by the owner is of itself a conversion rendering the bailee liable without regard to question of due care or negligence, there is no evidesce that the defendant, even if we concede he were a bailee, delivered the property to anybody. In conclusion, even taking the view most favorable to the plaintiff that a bailment existed, yet he has failed to make out a case in conversion.

There being no prejudicial error committed by the trial judge, the report is ordered dismissed.

Gladys Shapiro, for the plaintiff.
Harrington & Morley, for the defendant.