*Western District*

## No. 147

## NELSON MORRIS, JR., ppa. and NELSON MORRIS

### v.

## JOHN W. TUBERT, JR. and THE HERTZ CORPORATION

Argued: April 11, 1975. Decided: September 22, 1975.

Case tried to *McCooey, J.* in the Central District Court of Worcester. Number: 72-T-500.

Present: Gould, P.J., Forte, Constantino, J.J.

For Plaintiff: Fusaro & Fusaro, Worcester.

**Gould, P.J.** This is an action of tort in two remaining counts wherein the plaintiffs seek to recover for personal injuries and for consequential damages following a motor vehicle accident in which the plaintiff was a passenger in a motor vehicle operated by the defendant.

The motor vehicle was in collision with a second vehicle. The answer included a general denial. The original action consisted of a total of eight counts against two defendants, but the plaintiff discontinued all counts except number two (2) and four (4) of the original declaration, and these remaining counts seek recovery only against the defendant, Tubert, based on gross negligence.

The trial court in the original proceedings found for the plaintiff, Nelson Morris, Jr., in the sum of $3,000.00 for personal injuries, and for the plaintiff, Nelson Morris, Sr., in the sum of $149.60.

*At the trial there was evidence tending to show that* on Monday night, June 15, 1970, about 11:30 p.m., the plaintiff, Nelson, Morris, Jr., and one Jackson accepted a ride from the defendant. Both plaintiff and Jackson were dressed as females. The plaintiff occupied the center front seat and Jackson sat to the right of the plaintiff, and the parties were going together to a bar. The plaintiff was looking straight ahead and not at the defendant operator. The vehicle operated by the defendant approached a traffic light on Millbury Street, at the intersection of Endicott Street, both of which were public ways in the City of Worcester, and when the vehicle was about fifty feet from the intersection, the defendant took his right hand off the steering wheel, placed it on the plaintiff's left leg in

an area above the knee, and started rubbing the plaintiff's knee. The plaintiff immediately told the defendant to stop rubbing his knee and simultaneously screamed, "Watch out for the red light." The defendant operator, continued rubbing the plaintiff's left knee area for about a seven second period of time, then entered the intersection against a red traffic control signal and struck another motor vehicle, causing substantial damage to said vehicle and resulting in the plaintiff's injuries for which the finding was made.

At the conclusion of the evidence, the defendant seasonably filed six (6) requests for rulings, all of which were denied by the court. The defendant claimed to be aggrieved by the ruling of the trial justice on the defendant's request number six (6), that the evidence does not warrant a finding—that the defendants were grossly negligent, and the defendant requested a report from the denial of this ruling.

The court denied the defendants' requests for rulings as follows:

1. *Denied* as being inapplicable to and inconsistent with said court's factual findings and with the law applicable thereto.

2. *Denied* as being inapplicable to* said inconsistent with said court's factual findings — said plaintiff having been found free from negligence.

3. *Denied*—same reason as #3 ante — also now moot since all counts against The Hertz Corporation have been discontinued.

4. *Denied*—same reason as #2 ante.

* It appears this should have read — "and".

**5.** *Denied*—same reason as #2 ante, plus the fact that there is a vacuum of evidence of any disconcerting acts by said plaintiff which were intentionally disconcerting to the operator.

**6.** *Denied*—same reason as #2.

The court made the following findings of fact and law:

**1.** I am unable to find that the defendant operated said motor vehicle at an unreasonable and excessive rate of speed.

**2.** I find, however, that the defendant did intentionally and wilfully allow his attention to be diverted from operating the motor vehicle with due and reasonable care, that by so doing he voluntarily incurred an obvious hand hazardous risk; that the defendant's wilful lack of attention to the manner and mode of his driving of the vehicle for the seven second duration of time with one hand off the steering wheel, heedless of the plaintiff's warning[2], oblivious to the presence of an oncoming vehicle and in utter and abject disregard of the subject red traffic control signal, over an appreciable period of time, constituted gross negligence.

**3.** I find that the plaintiff, gratuitous passenger at all times, was in the exercise of due care and in no way or in any maner was contributorily negligent.

**4.** I find that said defendant's gross negligence was the sole, direct, efficient, proximate cause of said subject motor vehicular accident and of the incurrence of said plaintiff's injuries.

In causes of action arising prior to January 1, 1972, the operator of a motor vehicle owes the duty merely to refrain from gross negligence and willful, wanton

---

2 References are solely to minor plaintiff.

and reckless misconduct towards a gratuitous guest in the vehicle. *Massaletti v. Fitzroy,* 228 Mass. 487. A plaintiff as a guest passenger in an automobile had to show, in order to recover, that he or she was injured because of the gross negligence of the defendant.

■ Review of cases by an Appellate Division is confined to questions of law and findings of fact of a trial justice as such, cannot be reviewed by an Appellate Division, except as they may be affected by error in rulings of law. *Bartley v. Phillips,* 317 Mass. 35, 42. *Adamaitis v. Metropolitan Life Ins. Co.,* 295 Mass. 215, page 221.

■ Though the trial justice is the finder of fact, and the question of negligence or gross negligence is usually considered to be a question of fact, an Appellate Division must be satisfied that in arriving at the fact, he was guided by correct principles of law.

The question of gross negligence was extensively treated recently in two decisions of this Division, *Hunter v. Dexter,* 26 Legalite 118, 120, and *Bailey v. Sampson Auto Body & Towing, Inc.,* — Legalite — decided November 7th, 1974. In both cases, this Division overturned the findings of the trial court of gross negligence, determining that the evidence in each case was insufficient to properly make such a finding.

Some of the more common indicia of gross negligence are "deliberate inattention, voluntarily incurring of obvious risk, impatience of reasonable restraint, or persistence in a palpably negligent course of conduct over an appreciable period of time. While it is true that each case must be decided upon its own facts, the defendant's conduct must be considered as a whole, having due regard for the attendant circumstances. *Bruno v. Donahue,* 305 Mass. 30. *Loughran v. Nolan,* 307 Mass. 195.

The probative affect of the facts shown must be tested by the standard declared, and in appropriate

cases a ruling can be made that the facts are not sufficient to justify a finding of fact based wholly upon the existence of gross negligence. *Burke v. Cook,* 246 Mass. 518, 521.

In *Altman v. Aronson* 231 Mass. 588, the court stated that gross negligence amounts to indifference to present legal duty and to utter forgetfulness of legal obligations, so far as other persons may be affected. It is a heedless and palpable violation of legal duty respecting the rights of others.

Gross negligence is a manifestly smaller amount of watchfulness and circumspection that the circumstances require of a person of ordinary prudence, and doubtless there may be cases so near the borderline that a tribunal whose duty it is to apply only legal principles cannot reverse the factual conclusion embodied in a [a general finding or a] verdict. The power so to do must be exercised with the utmost caution.

In applying these standards to the instant case, we feel that while the facts or evidence contained in the report may be marginal indeed, they were sufficient for the justice to properly make the finding which he did make in this case. There was that element of deliberate inattention, the taking of his hand off the steering wheel and the continuing rubbing for a seven second period of time against the plaintiff's remonstration, the continuation of these acts during the approach to an intersection, and the entry therein against the red light. All of these would seem to meet the minimal requirements set forth in existing case law to justify the finding made by the trial court, and this tribunal will not substitute its judgment for that of the trial justice.

**There being no error—this report is dismissed.**