ARTHUR M. BRIGGS *vs.* JOHN B. DEARBORN.

The responsibility of an officer, who attaches a boat, for articles contained therein, but not forming part thereof at the time of the attachment, is merely that of a bailee without hire.

TORT for conversion of an anchor, a jib-sheet, some trucks, fishing lines and leads, and some iron dross used as ballast of a sailboat, all as enumerated in a schedule annexed to the declaration.

At the trial in the superior court, before *Ames*, C. J., these facts appeared: On July 2, 1864, the boat was in this plaintiff's possession, when the defendant, a deputy sheriff, attached it on a writ of one Caldwell against this plaintiff, and removed it to a wharf about a mile distant, used by Caldwell, whom the defendant made keeper. The articles in question, together with a flag and some cushions, were in the boat at the time of the attachment, and were moved with it. Late in the autumn of 1864 the boat was stripped and placed on shore under cover. The iron ballast, which weighed between one and two tons, was piled on the wharf; and during the following winter and spring a great part of it was " lost or taken away." At some time, but precisely what time did not from the bill of exceptions appear, " the defendant's keeper " delivered the flag and cushions to this plaintiff, " who received them and inquired for the fishing lines and was told that Caldwell had them." " The fishing lines and leads belonged to the boat, and were sold originally by Caldvell to Briggs with the said boat and other articles." In May 1865 judgment was rendered for this plaintiff in Caldwell's action against him, and he " thereupon claimed the said boat, but the articles above named were missing." " At or about the date of the replevin hereinafter mentioned," he made demand on this defendant for the missing articles, which demand was not complied with ; " and it did not appear that the defendant then had them in his possession." On July 1, 1865, the plaintiff replevied the boat, and, in March 1866, recovered judgment in his action of replevin ; and then, in May 1866, brought this action. " There was no other evidence of any conversion by

the defendant, except the fact that the articles were on board at the time of the attachment and were not returned when the boat was replevied." " Evidence was offered by both parties as to the ownership and the value of the said articles."

The plaintiff requested the judge to instruct the jury " that putting a keeper over said boat, and taking charge, and continuing possession of the same, would make the defendant liable for everything on board at the time of the attachment in said action of *Caldwell* v. *Briggs;* that the ballast in the boat was a part of the boat, and was held with it by said attachment; that, if the defendant retained possession of the boat and ballast until winter, and then the ballast was removed to the wharf, and there left without notice to the plaintiff, and the same was lost, the defendant was liable; that no demand and refusal were necessary."

But the judge declined to give these instructions, and instructed the jury " that, on the termination of the suit of *Caldwell* v. *Briggs*, it became the duty of this defendant to return to Briggs not only the boat, but all apparel, tackle and furniture belonging to it; that if the schedule filed by this plaintiff contained any articles belonging to the boat, included in the attachment and not given up on the termination of that attachment, the defendant was liable for their value in this action; but that, as to any other articles belonging to this plaintiff, on board of the boat at the time of, but not included in, the attachment, the defendant was under no obligation to provide at his own expense another place for their storage, or to send or carry them to the plaintiff's house or place of business; nor would it be proper for him to throw them overboard, or leave them, without any care or oversight, on the shore." And he further instructed them "that, if the defendant did not use or interfere with such articles, and only took such possession of them as resulted incidentally from attaching the boat; if he did not remove the boat to an inconvenient or unreasonable distance; if the articles merely remained in the place where the plaintiff himself had put or deposited them ; if the plaintiff could have had them at any time on call; and if there was on the part of the defendant and his keeper no exclusion of

the plaintiff from access to the articles whenever he chose; the attachment and custody of the boat would not of itself constitute an unlawful conversion of such articles." And the judge added " that if, on the approach of winter, it became a reasonable and proper thing to do, having in view the safety and proper care of the boat, to strip and dismantle her, and put her on shore under cover, the defendant would have a right to take out the ballast and pile it on the wharf, and could not be held responsible for any of said ballast or other articles not attached that should be lost or mislaid, without proof of want of ordinary and reasonable care on his part in the custody of the same, provided the jury were satisfied that the plaintiff could have taken them at any time on request, and that there was no intention on the defendant's part to keep them out of his possession or otherwise to deprive him of them."

The jury found a verdict for the plaintiff as to a part only of his claim; and he alleged exceptions.

*W. P. Harding*, for the plaintiff. 1. The boat and all it contained being the property of the plaintiff when attached and carried away by the defendant, the conversion, if any, was complete, and no demand was necessary in order to sustain this action. *Woodbury* v. *Long*, 8 Pick. 544. The case does not fall within the rule in *Harding* v. *Coburn*, 12 Met. 342. Caldwell, being the defendant's keeper, was bound to know whether the defendant took any, and what, part of this plaintiff's property, and to surrender it. The evidence shows that he did in fact surrender the flag and cushions.

2. Even if demand was necessary before this action, that made on or about July 1 was sufficient, and the defendant's neglect to return thereupon all that was carried away with the boat was a conversion. *Bowen* v. *Sanborn*, 1 Allen, 391. That the articles were not then in the defendant's possession is no justification, if he or his keeper ever exercised any control over them.

3. The defendant did not use ordinary care in putting the iron on the wharf and suffering it to remain there in such a position that it could be lost during the winter and spring.

*J. F. Pickering,* ( *C. D. Dunton* with him,) for the defendant. The first part of the instructions which the plaintiff asked for was unreasonable without proof that all the articles in question were attached, or that the plaintiff was excluded from access to those which were not. *Drake* v. *Curtis,* 1 Cush. 395. If the articles in question were attached, a demand was necessary. As to the ballast, it was not a part of the boat, and so was not attached ; but, if otherwise, the verdict was a general one, and covers the liability of the defendant in respect to all the articles which were the subject of the action.

WELLS, J. As to any articles that were attached by the defendant, and not returned upon the dissolution of the attachment, the jury were rightly instructed that the defendant would be liable for their value in this action. As to any other articles that went into the possession of the defendant with the boat, he was a mere gratuitous bailee thereof. His possession of them was not tortious, as it resulted incidentally from the attachment of the boat. It was from the plaintiff's own choice or neglect that they were left with the boat in the hands of the officer. He can hold the officer, therefore, to no higher degree of responsibility and to no other responsibility than that of a bailee without hire. As we understand the instructions of the court below, they were adapted to this view of the plaintiff's rights, and properly presented the principles of law applicable to the facts. If the plaintiff has suffered any grievance, it was at the hands of the jury, and not of the court. *Exceptions overruled.*