PARKER P. CLARK & another *vs.* EASTERN RAILROAD
COMPANY.

Suffolk.   March 10. — June 19, 1885.   W. ALLEN, COLBURN, & HOLMES,
JJ., absent.

If goods are received by a railroad company and stored, under such circumstances
that it is a mere gratuitous bailee, and the goods are destroyed by an accidental
fire while so stored, evidence that the place where the goods were stored was
not a suitable place with reference to safety from fire, and that suitable means
were not provided for extinguishing fire, is not sufficient to show that the rail-
road company was guilty of gross negligence.

TORT. The amended declaration alleged that the defendant
was a common carrier of passengers for hire, with their baggage,
and a warehouseman, having charge of such baggage, after the
arrival of the same at its place of destination, until called for by
passengers; that the plaintiffs delivered two trunks, containing
hats, caps, and straw goods, to the defendant, at Gloucester, to
be by it transported to Salem, and on their arrival there to be
properly warehoused and cared for until called for by the plain-
tiffs; that the defendant, for a valuable consideration, trans-
ported said trunks, with their contents, to Salem, and on their
arrival there placed them in its baggage-room; that the defend-
ant was bound to provide a suitable baggage-room, and maintain
the same in a reasonably safe and proper condition for the stor-
ing of such trunks, and was bound to exercise reasonable care in
keeping the same, and was also bound to provide itself with
proper means for extinguishing a fire in case one occurred in its
depot and baggage-room; but that the defendant wholly neg-
lected to perform these duties, and, on the contrary, placed said
goods in a baggage-room the floor of which was saturated with
oil, and in which room there were oil cans containing oil and
cotton waste, and other articles of an inflammable character,
and a signal fuse or bomb torch of an explosive or dangerous
character; in consequence of which said baggage-room took fire,
and, by reason of the defendant's negligence in not supplying
proper means for extinguishing a fire, when with such means the
fire that had so taken could have been extinguished, said trunks
and their contents were burned.

At the trial in the Superior Court, before *Blodgett*, J., the plaintiff introduced evidence tending to show the following facts:

On April 6, 1882, one Nicholson, a commercial traveller for the plaintiffs' firm, came from Gloucester to Salem over the defendant's railroad, buying his ticket and checking two trunks, that contained hats, caps, and straw goods, at Gloucester. He arrived in Salem at about ten minutes after six o'clock in the evening. He did not find an express wagon, the kind of conveyance he was obliged to get for his trunks, and went to his hotel. That night there was a fire in the baggage-room of the station.

In the baggage-room, at the left of the door upon entering, was a closet, or little room, in which were stored various articles commonly used by train hands or station-men, including a case of fusees hung on a nail over a bare space in the floor. There was oil on the floor of the baggage-room, from lanterns standing there; and one witness testified that he had seen cotton waste saturated with oil, and oil cans, in the baggage-room; another had seen oily waste substance around the closet.

Shortly before one o'clock the next morning, a passenger train arrived from Boston. The night watchman left the baggage-room and boarded the train to put out the train lights. He heard the cry of fire, and within four or five minutes was at the baggage-room, and found the fire coming from the closet door in a big clear blaze; no dense smoke or red blaze. There was a garden hose in the station, but the water was shut off during cold weather; a hydrant of the Salem fire department was within three hundred feet, and two apparatus of the fire department were within five minutes' run. Nothing was removed from the baggage-room. When the fire was first seen, it could have been put out with a few pails of water.

The defendant's evidence tended to show the following facts: The fusees were railroad night signals carried in a tin box, with a lid with an iron fastening. They could not be set off unless a fulminating cap was placed on the ignitable end. The fusees were of two sizes: for one size, the caps were kept at the non-ignitable end fitted to a wooden handle; for the other, they were kept by themselves in a separate compartment of the case. The

fusee burns with a black smoke, and makes an intense red light. Many experiments had been made by throwing the cases full of fusees about, without any ignition resulting. No other kind of fusee was in use on the railroad at the time.

At the request of the defendant, the judge instructed the jury that there was no evidence which would warrant them in returning a verdict for the plaintiff. A verdict was accordingly returned for the defendant; and the plaintiff alleged exceptions.

*S. J. Thomas & F. E. Bryant,* for the plaintiffs, cited *Barron* v. *Eldredge,* 100 Mass. 455; *Nichols* v. *Smith,* 115 Mass. 332, 334; *Alling* v. *Boston & Albany Railroad,* 126 Mass. 121.

*R. Olney & S. Butler,* for the defendant.

C. ALLEN, J. The plaintiffs' case rests on the proposition, that the baggage-room provided by the defendant was not a suitable place for the storage of trunks, with reference to safety from fire, and that the defendant did not provide proper means for extinguishing fires. Such omission is not of itself gross negligence, for which a liability can be imposed on a gratuitous bailee to make good a loss happening from an accidental fire. The defendant, in point of fact, appears to have put the plaintiffs' trunks in the only place it had for the purpose of keeping trunks; and certainly it was under no obligation to the plaintiffs to provide a better place. In this view, it is not necessary to consider the further proposition of the defendant, that, since the plaintiffs' property was put into the defendant's custody without its consent, and solely through the wrongful and fraudulent conduct of the plaintiffs themselves, all the consequences must be borne by them exclusively.        *Exceptions overruled.*