D. A. SCHULTE, INC. *vs.* NORTH TERMINAL GARAGE
COMPANY.

Suffolk. May 15, 16, 1935. — June 25, 1935.

Present: RUGG, C.J., PIERCE, DONAHUE, LUMMUS, & QUA, JJ.

*Bailment. Conversion. Negligence*, Of proprietor of garage.

A garageman, a bailee for hire of a locked truck misdelivered through
his negligence to a thief, was not liable, either for negligence or for
conversion, to the owner of the contents of the truck, which were
in it without the garageman's knowledge.

CONTRACT OR TORT. Writ dated March 5, 1931.

The action was heard in the Superior Court without a
jury by *Hanify*, J., who found for the plaintiff in the sum
of $1 and reported the action for determination by this
court. It appeared among other facts that Theologytis
Stames, doing business as Germania Express, assigned his
cause of action against the defendant to the plaintiff in
writing previous to the date of the writ.

*M. C. Taylor*, for the plaintiff.

*D. R. Pokross*, for the defendant.

PIERCE, J. This is an action of contract or tort in two
counts, tried in the Superior Court without a jury, whereby
the plaintiff seeks to recover damages from the defendant,
as a bailee for hire, for the loss of a truck and its contents
from the defendant's garage. To this action the defendant
in answer filed a general denial. The judge found that the
plaintiff was entitled to recover nominal damages in the
sum of $1 for damage to the truck, made certain findings of
fact, and reported the case to this court "upon an agree-
ment and stipulation of counsel . . . that if on the facts
found . . . the plaintiff is entitled as a matter of law to
recover substantial damages for the value of the contents
of the truck, judgment is to be entered for the plaintiff
for Six Thousand Three Hundred Thirty-five and 44/100

($6,335.44) Dollars; otherwise judgment to be entered for the plaintiff for One ($1.00) Dollar."

In substance the judge found and ruled as follows: Theologytis Stames, doing business under the name Germania Express, was the owner of a large motor truck with an enclosed body of considerable capacity, the two sides and rear of which had solid doors secured by locks, so that no part of the inside of said body was visible from without. The defendant was the owner of a public garage that had three floors with storage capacity for five hundred automobiles or motor trucks. In November, 1925, the Germania Express made an arrangement with the defendant for the live storage of said truck in the defendant's garage, and the Germania Express agreed to pay for the same at the rate of $25 a month. In consequence thereof a certain stall on the first floor of the garage was assigned for the storage of the truck. Thereafter, the truck was driven regularly into the garage to its assigned place by employees of the Germania Express, and when taken out was driven from its stall by the employees, "excepting as hereinafter appears on November 22, 1930." The truck when driven into the garage frequently contained valuable merchandise not observable from without because of its enclosure in the locked and windowless body of the truck. At no time prior to its removal from the garage on November 22, 1930, did the defendant or its agents or servants know or have reason to know that said truck contained any merchandise when stored in the garage. At no time prior to its removal on November 22, 1930, did the truckman or his helper or anyone else bring to the attention of the defendant or its agents or servants the fact that the truck in question contained or would contain merchandise or other personal property when placed in the garage. On the afternoon of November 21, 1930, the plaintiff's assignor, Germania Express, was engaged by the plaintiff in the transportation of cigars, cigarettes, tobacco, etc., the property of the plaintiff, from certain railroad and steamship terminals in Boston to the warehouse of the plaintiff. Because of the lateness of the afternoon, the employees of Germania Express drove

the truck with its contents instead to the defendant's garage and placed the truck in its assigned stall; this was done with the authorization of the plaintiff. The merchandise was securely locked in the truck and its presence was neither known nor visible to the defendant company or its agents or servants. The next morning, at about seven o'clock, the time of day when the truck was usually driven from the garage by the employees of the Germania Express, two men engaged in starting the truck from its stall were observed by two employees of the defendant. One of the men on the truck in dress and appearance strongly resembled the helper employed on the truck by the Germania Express, and was taken to be such by the employees of the defendant who were entrusted with the duty of supervision of trucks leaving the garage. These employees of the defendant observed the truck leaving the garage and permitted it to depart under the mistaken belief that it was then in charge of an employee of the Germania Express. The judge ruled "that the aforesaid conduct by the defendant's employees constitutes a delivery of said truck and renders the defendant liable for a misdelivery of the truck, as the persons taking the truck were not authorized by the bailor to receive it," and he found "that the aforesaid conduct of defendant's said employees was negligent but not gross negligence."

The truck was found later on the same day abandoned in another part of Boston. The locks on two doors had been removed and merchandise of the plaintiff to the value of several thousands of dollars had been removed and was missing. On November 22, 1930, the truck was returned to the Germania Express and accepted. The only evidence of damage to the truck was that two locks were broken on it and the ignition wire was cut. As to these items there was no evidence of their value. The judge found "that the plaintiff is entitled to recover nominal damages in the sum of one dollar for the damage to the truck"; "that at no time did the defendant receive any merchandise for storage from the plaintiff or its assignor; that it never had any notice that the plaintiff or its assignor owned any mer-

chandise upon its premises," and found and ruled "as to the merchandise of the plaintiff in the truck of the Germania Express on November 21 and 22, 1930, that the defendant was neither a bailee for hire nor a gratuitous bailee." He further found that the merchandise was never delivered to the custody or the possession of the defendant and that the defendant never accepted the custody or possession of the merchandise, and found and ruled "that the plaintiff is not entitled to recover for the loss of its merchandise."

As above stated, the plaintiff's writ was in contract or tort. The declaration was in two counts differing only in that the first alleged failure to exercise due care and the second gross negligence. Each count alleged an obligation of the defendant not to misdeliver the truck and a violation of this obligation, and the first count also alleged conversion.

The plaintiff filed thirty-three requests for rulings. The judge states as to these: "I give requests numbered 1, 2, 3, 4, 5, 6, 7, and 8 in so far as they apply to the truck as distinguished from the merchandise contained therein, concerning which merchandise I have found that there was no bailment. I therefore refuse to give them so far as the merchandise in question is concerned as inapplicable to facts found." He refused to give requests 9, 10, 11, 13, 20 and 30 because they were inapplicable to the facts found. He gave request 12, and refused to give requests 14, 15, 16, 27, 28 and 29. Requests 17, 18 and 19 read: "17. If a garage knowingly takes into its custody for storage overnight for hire a locked truck containing valuable merchandise then in the custody of the truck driver for transportation, the garage is a bailee for hire of the contents of the truck as well as of the truck itself. 18. Under such circumstances as are described in the preceding request there is no duty or obligation of the bailor to make a special arrangement with respect to the contents of the truck; nor to particularly call the attention of the garage thereto; although the bailor must answer truthfully as to the contents if inquiry is made. 19. If a garage knowingly takes into its custody for storage overnight

for hire a locked truck containing valuable merchandise then in the custody of the truck driver for transportation, the garage is a bailee for hire of the contents of the truck as well as of the truck itself, unless it limited or excepted its liability for the contents, or was deceived as to the contents upon making inquiry with regard thereto." As to requests 17 and 19 the judge states that they "are not free from ambiguity approaching disingenuousness. If the word 'knowingly' is intended to apply to knowledge that the truck contained valuable merchandise, then I refuse to give said requests as inapplicable to facts found. If the word 'knowingly' is intended to apply to knowledge of a locked truck only and not to knowledge of its containing any merchandise, then I refuse to give them." As to request 18 he states: "if the circumstances referred to imply knowledge of both truck and merchandise, I refuse to give it as inapplicable to facts found. If the circumstances referred to imply knowledge of a locked truck only, then I refuse to give it." Requests 21, 22, 23, 24, 25 and 26, he refused to give as he did not find the facts upon which they are predicated. He gave request 31, which reads: "Garages — as defined in General Laws, Chapter 90, Section 1 — are bailees for hire of motor vehicles left in their custody for storage and safekeeping for pay," and refused to give request 32 which reads: "Garages — as defined in General Laws, Chapter 90, Section 1 — are public warehousemen subject to the responsibilities and liabilities of public warehousemen as established by and pursuant to General Laws, Chapter 105." Request 33 — "Upon all the evidence in this case the burden is on the defendant to establish a lawful excuse for its failure to deliver the Germania truck and its contents to the Germania Express on demand by it on the morning of November 22, 1930" — he gave "in so far as it applies to the Germania truck and refuse[d] to give it so far as it applies to its contents."

The stipulation calls for a decision on the facts stated in the judge's "Findings and Rulings" above recited, and not on inference based on unreported evidence. On the reported facts the sole issue is whether the plaintiff is entitled

to recover in contract or tort for negligence, or in trover for the conversion of the contents of the truck. A bailment is essentially a consensual transaction arising out of a contract express or implied, *Foster* v. *Essex Bank*, 17 Mass. 479, 498; and there must be an acceptance by the bailee of the goods forming the subject matter of the bailment before there can be any bailment. Van Zile, Bailments and Carriers (2d ed.) § 18. A garage keeper in the position of the defendant in the case at bar, who accepts a motor vehicle for purposes of storage, is a bailee for hire of the vehicle in the absence of an agreement restricting the obligation which the law attaches to such relation. *Hanna* v. *Shaw*, 244 Mass. 57, 59. Such a bailee is not an insurer of the property received, but is liable for damages to the bailed property from his failure to exercise that degree of care which may reasonably be expected from an ordinarily prudent person under similar circumstances. *Stevens* v. *Stewart-Warner Speedometer Corp.* 223 Mass. 44, 46.

On the facts found the delivery of the truck to a person not authorized to receive it was rightly ruled by the judge to be of itself a conversion. *Hall* v. *Boston & Worcester Railroad*, 14 Allen, 439, 443. *Rubin* v. *Huhn*, 229 Mass. 126, 129, and cases cited. The facts found also warranted the finding that the loss of the truck occurred through the negligence of the defendant and its agents.

As to the goods within the truck, which the judge found neither the defendant nor its agents or servants knew or had reason to know the truck contained prior to its removal from the garage on November 22, 1930, it has been held in this Commonwealth in similar circumstances that there could be no recovery in an action of contract or tort sounding in negligence. *Rogers* v. *Murch*, 253 Mass. 467, 471. It is plain the law does not thrust upon one the liabilities of a bailee without his knowledge or consent, and equally obvious that while an acceptance may be implied the law will not infer such until there is something to show notice or knowledge of the alleged bailee that the goods are in fact in his possession. *Scollans* v. *E. H. Rollins &*

*Sons*, 179 Mass. 346, 354. *Foster* v. *Essex Bank*, 17 Mass. 479, 498. 6 C. J. 1104, § 24.

The contention of the plaintiff is that the finding of the judge, that the defendant never had custody or possession of the merchandise on the truck and was not a bailee thereof, should be disregarded and is error as a matter of law because of the finding that "said truck when driven into said garage frequently contained valuable merchandise not observable from without because of its enclosure in the locked and windowless body of said truck." This did not require, as the plaintiff contends, a ruling of law that the defendant had reason to know that the truck contained or probably contained merchandise at any time it was in the garage. The plaintiff relies upon the fact that the truck was locked as showing that the defendant must have had reason to know that it contained merchandise as above stated; this did not require the judge to rule that the defendant had actual or constructive knowledge that the truck carried merchandise on November 22, 1930. There being no bailment of the merchandise on the facts found, it follows that there was no duty of care with reference to the merchandise arising out of the bailment of the truck, nor was there a conversion of the goods by reason of the misdelivery of the truck. If it be assumed the defendant might have reason to know that the truck contained some merchandise, the defendant's duty with reference to the merchandise would rise no higher than that of a gratuitous bailee. *Briggs* v. *Dearborn*, 99 Mass. 50, 53. *Rogers* v. *Murch*, 253 Mass. 467, 471. A gratuitous bailee is liable only for gross negligence or bad faith. *Clark* v. *Eastern Railroad*, 139 Mass. 423. The finding that the defendant's conduct did not amount to gross negligence manifestly was not wrong, and would seem to be a complete answer to the plaintiff's contention on this branch of the case.

It is plain on the facts found that there was no delivery of the merchandise in the truck to the defendant or any acceptance of such merchandise by it. The defendant never became possessed of the merchandise in the truck

and as such possessor never delivered or misdelivered it to anyone. Consequently it was never converted to the defendant's own use. *Sawyer* v. *Old Lowell National Bank,* 230 Mass. 342; 1 Am. L. R. 273, and cases collected. *Riggs* v. *Bank of Camas Prairie,* 34 Idaho, 176.

The exceptions of the plaintiff are not argued in its brief separately. We have considered them and find no error. In accordance with the stipulation, judgment is to be entered for the plaintiff for $1.

*So ordered.*