Zottoli, J.
This is an action in which the plaintiffs seek to recover damages for the loss of an automobile which *287 they claim was stolen through the fault of the defendant, an alleged bailee for hire. At the trial there was evidence that the defendant owned and operated — “a horse racing track known as Suffolk Downs” which was “open to the public upon payment of a consideration”; that the defendant owned “a large tract of land adjoining the racing track”, which had been laid out by the defendant and used for parking automobiles by such patrons of the defendant as cared to use it; that the parking space was so located that very few persons would be likely to park motor-yehicles on it unless they intended to enter the race track, and that in fact substantially all the operators and passengers of motor-vehicles parked on the space entered the track; that the defendant had attendants stationed in the parking space to direct traffic by seeing that motor vehicles were properly lined up, the aisles kept clear; that these attendants were instructed not to touch or operate a patron’s automobile, and to keep a watch for boys who might do any suspicious act and to report anything suspicious to the police; that on the day in question there were fourteen thousand automobiles parked on the space in 134 lanes with lines of cars on each side of the lane; that at the largest lanes, those in front of the clubhouse, and in one of which the plaintiffs’ car was parked, there were approximately one hundred cars on each side or two hundred cars in the lane; that there was one foreman, four sub-foremen and fifty-seven attendants on duty at the parking space at the time the plaintiffs’ car was parked; that there were three motorcycle policemen on the parking space, and that in addition to these attendants ten more employees were sent out at the conclusion of the last race of the day, from the race track enclosure, for duty on the parking space; *288 that the defendant’s servants on the parking space wore uniforms distinctive to the defendant’s race track; that there were no signs of any manner or description on the parking space which in any way indicated the defendant assumed any responsibility or liability with respect to the motor vehicles parked; that on the day in which the plaintiffs’ car was parked, the plaintiffs’ servant, an automobile salesman, drove the plaintiffs’ car into one of the largest lanes near the entrance to the race track, locked the ignition switch of his automobile, closed all the windows, closed and locked the doors and took the car keys with him; that no charge was made by the defendant’s parking lot employees to the plaintiffs’ servant for parking the car, and none was paid to them by the plaintiffs’ servant; that no check, ticket, or other means of identification, were given to the plaintiffs’ servant by any employee of the defendant at any time; that immediately after the plaintiffs ’ servant parked said automobile he proceeded to the race track proper where he continued negotiations with one of the defendant’s employees relative to selling an automobile to such employee; that the plaintiffs’ servant paid the usual admission charge to enter the race track proper and entered and watched a few races including the last race; that the plaintiffs ’ servant then went back to the place where he parked the automobile and discovered that it was missing and, failing to find it, reported its theft to the police authorities; and that the automobile has not been found. At the close of the trial the plaintiffs duly filed a number of requests for rulings, which the court passed on, and found for the defendant.
The plaintiffs’ requests need not be set out in detail as the court’s action on most of them is not the subject of *289 this appeal. Besides finding generally for the defendant, the court made the following Finding of Facts: “I find the operator of the plaintiff's’ car left the plaintiffs’ car in a parking space provided iby the defendant for the convenience of the patrons of its racing track; that no charge was made for the parking; that the payment of the admission fee included no charge for the parking and that the defendant was not a bailee for hire”.
The plaintiffs in their brief at page 3 state, “The court found that these facts did not constitute a bailment for hire (see Findings of Facts, page 8 of the Report); the plaintiffs’ claim that is the only issue before this court”. In view of the plaintiffs ’ claim as above set forth all other matters unrelated thereto may be considered waived. Quinan v. Famous Players-Lasky Corp., 267 Mass. 501, 519, 521, Universal Adjustment Corp. v. Midland Bank, 281 Mass. 303, 328, Kay v. Audet, Mass. A. S. (1940) 1081.
In view of this waiver, the short answer to the claim the plaintiffs now make is that it is not open on this report. None of the requests reported for review raise the issue now attempted to be raised. This appeal only can bring up for review rulings of law made by the trial judge and reported by him to this division. Carando v. Springfield Cold Storage Co., Inc., Mass. A. S. (1940) 1545, Burns v. Winchell, Mass. A. S. (1940) 331, 337, Okin v. Sullivan, Mass. A. S. (1940) 1689, McDonald v. Adamian, 294 Mass. 187, Reid v. Doherty, 273 Mass. 388.
It appears that the concluding paragraph of the report in substance states that the trial judge reports the plaintiffs’ alleged grievances with, reference to its findings of fact, to the Appellate Division for its determination. It is well established that a trial judge has no power to report *290 finding’s of fact for review unless they in some manner have been turned into rulings of law. Stowell v. H. P. Hood & Sons, Inc., 289 Mass. 555, Bresnick v. Heath, 292 Mass. 293, 296, Wilson v. Birkenbrush, Mass. A. S. (1940) 199, 203, Baker v. Davis, 299 Mass. 345, 348. Furthermore it is also well established that in actions at law, findings of fact upon conflicting evidence are not open to review. Castano v. Leone, 278 Mass. 429, 431, Ashapa v. Reed, 282 Mass. 514, Dillon v. Town of Framingham, 288 Mass. 511, 513, Duggan v. Matthew Cummings Co., 277 Mass. 445, 449.
It is obvious, therefore, that if the plaintiffs desired to raise the question whether the evidence compelled a finding for the plaintiffs they should have filed an appropriate request for that purpose, cf. Ashapa v. Reed, 280 Mass. 514, Korb v. Albany Carpet Cleaning Co., 301 Mass. 317. The plaintiffs, by inference, argue in their brief that there is an inconsistency between some of the rulings made and the facts found and appearing in the record and the judge’s findings. Even were this so, and we do not intimate that it is so, such an issue is not open on this record. Duralith Corporation v. Leonard, 274 Mass. 397, 401. DiLorenzo v. Atlantic National Bank, 278 Mass. 321, 324, 325. Korb v. Albany Carpet Cleaning Co., 301 Mass. 317. What has been said suffices to show that the report must be dismissed. However, though the matter is not before us for decision, it may be useful to point out that we feel the court’s general finding is warranted by the evidence reported. It appears that the plaintiff’s servant in the first place put the automobile on the defendant’s premises for the purpose of endeavoring to sell a car to someone on the defendant’s property. Up to that point, at best, the bailment could only be classed as a gratuitous one. Foster v. Essex Bank, 17 Mass. *291 479, 498, 512. After the plaintiffs’ servant purchased his ticket and entered the race track to see some of the races he did not notify the defendant of his change of status from that of licensee or gratuitous bailee to that of bailee for hire. cf. Rogers v. Murch, 253 Mass. 467, 471, D. A. Schulte Inc. v. North Terminal Garage Co., 291 Mass. 251, 256. Even if he had notified the defendant of the change of status, it does not follow that the defendant was liable for the loss of the plaintiffs’ automobile under the circumstances disclosed by the report. There is nothing in the evidence reported which compelled the court to find that the parties entered into the general undertaking of a bailee for hire. It is well settled that parties may agree to restrict the nature of the bailment and the obligations to flow therefrom. This they may do impliedly as well as expressly. The standard of duty or care will vary with the undertaking of the parties interpreted in view of all the surrounding circumstances, where that undertaking is not specifically agreed upon. There is nothing in the evidence reported which compels a finding that the defendant agreed to safeguard the plaintiffs’ automobile, cf. D. A. Schulte Inc. v. North Terminal Garage Co., 291 Mass. 251, 256, supra. The evidence warranted findings that the relationship of the parties was either that of licensee, gratuitous bailee, or restricted bailee for hire. In any event, the court was warranted to find the undertaking of the parties was not such as to make the defendant liable for anything less than gross negligence or bad faith, cf. Foster v. Essex Bank, 17 Mass. 479, 498, 512. Briggs v. Dearborn, 99 Mass. 50, 53, Clark v. Eastern Rd., 139 Mass. 423, D. A. Schulte, Inc. v. North Terminal Garage Co., 291 Mass. 251, 257.
It follows, therefore, that this report must be dismissed and it is so ordered.