*Southern Division*
## SAMUEL G. STUART
v.
## D. N. KELLEY & SONS, INC.

*Welch, J.* This is an action of contract or tort in which the plaintiff alleges that he, for consideration, delivered a vessel to the defendant for repairs and that the defendant took improper and poor care of the vessel and through its negligence some of the plaintiff's personal property which was left by him on the vessel and in the care of the defendant, was lost. The plaintiff seeks to recover for loss by theft of fishermen's clothing, assorted groceries and tools.

The defendant's answer is a general denial and a further denial that the plaintiff owned the property in question. The defendant also denies that it made any agreement with the plaintiff or that it was under any legal duty toward the plaintiff with respect to said property.

The defendant further denies that any burglary was committed and says that if it ever was obligated under any promise or agreement, that said obligation has been fully performed and discharged and that the defendant is no longer obligated to the plaintiff.

The plaintiff also alleges contributory negligence.

The defendant duly filed the following requests for rulings. Nos. 6 & 9 were denied as inconsistant with the findings of the Court and the rest were denied.

1. That the evidence warrants a finding that the defendant received no consideration for the storage of any materials or groceries or other equipment or tools alleged to be aboard the plaintiff vessel.

2. The evidence warrants a finding that the plaintiff's vessel was not in the exclusive control of the defendant.

3. There was evidence warranting a finding that the plaintiff was not the owner of the material set out in his declaration and bill of particulars.

4. The evidence warrants a finding that the plaintiff in purchasing the alleged material as set forth in the declaration and bill of particulars was acting as agent of crew members.

5. The defendant's duty with respect to the merchandise alleged to be stolen would rise no higher than a gratuitous bailee.

6. The evidence warrants a finding that the defendant had no express notice that the materials alleged to be stolen were aboard the "Lady Stuart" while in the defendant's yard.

7. The evidence warrants a finding that the defendant had no implied notice that the materials alleged to be stolen were aboard the "Lady Stuart."

8. The evidence warrants a finding that the defendant was not negligent.

9. There was no evidence to warrant a finding of gross negligence on behalf of the defendant.

The plaintiff duly filed the following requests which were allowed:

1. The rule in this Commonwealth is that the test of liability in negligence is the foreseeability of an event which takes place resulting in harm or damage.

2. Whether the criminal act of a third person which results in the loss of the subject of bailment is thievery by stealth or robbery by

force, a bailee is not relieved from liability under his obligation if he should have apprehended and guarded against the occurrence of such act.

3. That such loss would not have resulted were it not for the act of a third party does not prevent a causal relation being found.

4. The defendant, having become a bailee for hire, is in the circumstances disclosed to exercise due care to return the boat to the owner in as good condition as when received.

The Court made the following findings:

On or about Nov. 15, 1947 the plaintiff entrusted his boat to the defendant for repairs and the plaintiff paid the defendant $1,849.88. While on the ways a burglary was committed by a person or persons unknown. Entrance to the boat was obtained by the ripping off of a metal hasp which secured a door. There were several pry marks on or about the door.

On February 26, 1948 the plaintiff's attorney by letter made claim for the loss by theft, of groceries and fishermen's outfits. The value as stated in the letter was $482.30. No mention was made of the tools. The plaintiff's Bill of Particulars sets forth a larger and different amount including the loss of tools, namely $710.05.

The Court disregarded the claim for the loss of tools. He also found that the lost items were chargeable to the plaintiff or to his boat, and that under the practice or custom of the trade the cost was to be deducted from the shares of the crew after the fishing trip. He found that the plaintiff was personally and financially responsible for payment of the goods and that they were his property until such time as he was re-imbursed.

The Court further found that there was a watchman on duty between 3 P.M. and 11 P.M. and from 11 P.M. to 7 A.M. and that during the hours of 7 A.M. to 3 P.M. no watchman was on duty.

The Court found and ruled that when the plaintiff's boat was placed in possession of the

defendant for repairs, a bailment for the mutual benefit of the plaintiff and defendant was created. to assume that the defendant should have known The defendant, as bailee, knew or it was reasonable that a large fishing boat of the type of the "Lady Stuart"¹ is very likely to have equipment, fishing clothes and foodstuffs aboard, and there was a duty on the defendant to exercise due care in taking proper precaution to safeguard the property entrusted to it by the plaintiff. He found that the burglary which occurred was something which the defendant could have and should have foreseen. A bailee is not relieved from liability if he should have apprehended and guarded against the occurrence of such an act. The act of theft is something which the defendant, in the type of business it operates, is bound to anticipate. It is an act which does not prevent a causal relation being found.

He found that the defendant was negligent in not giving better protection or in properly safeguarding against burglary which he found was the natural and probably consequence of its own wrong doing.

The Court found for the plaintiff in the sum $710.05.

The issue in the case is whether or not a relationship of bailor and bailee existed.

A bailment is essentially a consensual transaction arising out of a contract express or implied, *Foster v. Essex Bank*, *17 Mass. 479*, *498*; and there must be an acceptance by the bailee of the goods forming the subject matter of the bailment before there can be any bailment. The law does not thrust upon one the liabilities of a bailee without his knowledge or consent, and while an acceptance may be implied the law will not infer such until there is something to show notice or knowledge of the alleged bailee that the goods are in fact in his possession. *Scollans v. E. H. Rollins & Sons*, *179 Mass. 346, 354*; *D. A. Schulte, Inc. v. North Terminal Garage Company*, *291 Mass. 251, 256*.

There was no evidence that the defendant knew that merchandise was on board. It was in locked compartment from which the defendant was excluded, and the only evidence as to knowledge came from an officer of the defendant corporation who testified that the defendant had no knowledge that the goods were aboard.

The Court found that it was reasonable to assume that the defendant should have known that a large fishing boat of the type "Lady Stuart" would have fishing clothes and foodstuffs aboard.

Even if his assumption was correct, the defendant's duty with reference to the merchandise would rise no higher than that of a gratuitous bailee. *Briggs v. Dearborn, 99 Mass. 50, 53.* And a gratuitous bailee is liable only for gross negligence or bad faith. *Clark v. Eastern Railroad, 139 Mass. 423; Altman v. Aronson, 231 Mass. 588.*

Defendants request No. 5 that the defendant's duty with respect to the merchandise alleged to be stolen would rise no higher than a gratuitous bailee should have been allowed.

It is not necessary to discuss the remaining requests.

There was no evidence of gross negligence or bad faith. *Altman v. Aronson, 231 Mass. 588.*

The finding for the plaintiff is to be vacated and judgment is to be entered for the defendant.