Samuel G. Stuart *vs.* D. N. Kelley & Son, Inc.

Bristol.    October 26, 1953. — January 27, 1954.

Present: Qua, C.J., Lummus, Ronan, Spalding, & Williams, JJ.

*Bailment.*

A finding that the proprietor of a shipyard in which a large fishing vessel was placed on the ways for repairs was a bailee for hire through implied acceptance of fishermen's clothing and groceries then stored in a locked compartment on the vessel and later stolen by a person unknown was not warranted where there was no evidence that the proprietor actually knew of the presence of such property on the vessel and no evidence that he should have known of its presence other than evidence that the vessel had just returned from a fishing trip at the time it was brought to the shipyard.

Contract or Tort.    Writ in the Third District Court of Bristol dated March 19, 1948.

The action was heard by *Taveira*, J.

*Paul D. Lipsitt*, (*Joseph Lipsitt* with him,) for the plaintiff.

*Gerald P. Walsh*, for the defendant, submitted a brief.

Spalding, J.    This action of contract or tort is brought to recover for the loss of certain property alleged to have been stored on the plaintiff's vessel while it was in the defendant's shipyard for repairs.  The judge found for the plaintiff in the sum of $710.05.  The Appellate Division

vacated this finding and ordered judgment for the defendant. The plaintiff appealed.

Material findings and rulings of the judge are these: On or about November 15, 1947, the plaintiff entrusted his vessel, the "Lady Stuart," to the defendant for repairs. While the boat was on the ways in the defendant's shipyard property was stolen from it by a person or persons unknown. Entrance to the boat was obtained by the ripping off of a metal hasp which secured a compartment door. The property stolen consisted of fishermen's clothing and groceries which at the time of theft were owned by the plaintiff. There was a watchman on duty between 3 P.M. and 11 P.M. and from 11 P.M. to 7 A.M.; but between the hours of 7 A.M. and 3 P.M. no watchman was on duty. When the plaintiff's boat was entrusted to the defendant "a bailment for the mutual benefit of the plaintiff and defendant was created." The defendant "knew or it is reasonable to assume that . . . [it] should have known that a large fishing boat of the type of the 'Lady Stuart' is very likely to have . . . fishing clothes and foodstuffs aboard, and there was a duty on the defendant to exercise due care in taking proper precaution to safeguard the property entrusted to it by the plaintiff." The larceny "was something which the defendant could have and should have foreseen" and it "was negligent in not giving better protection or in properly safeguarding against . . . [the loss] which . . . [was] the natural and probable consequence of its own wrongdoing."

The defendant presented nine requests for rulings to the trial judge, all of which were denied. Request numbered 5 asked for a ruling that "The defendant's duty with respect to the merchandise alleged to be stolen would rise no higher than a gratuitous bailee." This was the only request dealt with by the Appellate Division and it held that the judge erred in denying it. We are of the same opinion.

"A bailment is essentially a consensual transaction arising out of a contract express or implied . . . and there must be an acceptance by the bailee of the goods forming the

subject matter of the bailment before there can be any bailment. . . . It is plain the law does not thrust upon one the liabilities of a bailee without his knowledge or consent, and equally obvious that while an acceptance may be implied the law will not infer such until there is something to show notice or knowledge of the alleged bailee that the goods are in fact in his possession." *D. A. Schulte, Inc.* v. *North Terminal Garage Co.* 291 Mass. 251, 256. *Foster* v. *Essex Bank,* 17 Mass. 479, 498. *Rogers* v. *Murch,* 253 Mass. 467, 471. *Greenberg* v. *Shoppers' Garage, Inc.* 329 Mass. 31, 35. As pointed out above, the judge found that the defendant "knew or it is reasonable to assume that . . . [it] should have known that a large fishing boat of the type of the 'Lady Stuart' is very likely to have . . . fishing clothes and foodstuffs aboard." There is no evidence to support the finding that the defendant actually knew that this property was on the vessel. It was in a locked compartment to which, so far as appears, the defendant had no access, and an officer of the defendant testified that "he did not know whether there were any groceries [or] clothing . . . aboard while the vessel was in the . . . yard and the plaintiff did not inform him that any such goods were aboard until after the loss." This evidence, of course, could have been disbelieved but such disbelief would not furnish the basis for a finding the other way. *Boice-Perrine Co.* v. *Kelley,* 243 Mass. 327, 330.

We assume in the plaintiff's favor that the remainder of the finding on the question of knowledge means that the defendant had reason to know that the property involved was aboard the vessel, although the finding does not quite say that. And we also assume that this finding if warranted by the evidence was sufficient to show an acceptance of this property by the defendant. But we think that such a finding was not warranted. All that the evidence reveals is that the "Lady Stuart" was a fishing vessel which had just returned from a fishing trip at the time it was brought to the defendant's yard for repairs. We think that more than this was required in order to charge the defendant

Stuart *v.* D. N. Kelley & Son, Inc.

with implied knowledge that the property in question was on the boat at the time the contract of bailment was entered into. Since the finding with respect to knowledge, express or implied, was not warranted by the evidence, the judge ought, at the very least, to have granted the defendant's fifth request that the defendant's duty with respect to the property alleged to have been stolen "would rise no higher than a gratuitous bailee." The case is governed by *D. A. Schulte, Inc.* v. *North Terminal Garage Co.* 291 Mass. 251, rather than by *Greenberg* v. *Shoppers' Garage, Inc.* 329 Mass. 31, on which the plaintiff relies. In deciding that the defendant was entitled to this ruling we are not to be understood as holding that there was even a gratuitous bailment of the property in question. It would seem, despite intimations to the contrary,[1] that knowledge or consent on the part of the bailee is no less essential to the creation of a gratuitous bailment than to the creation of a bailment for hire. We hold only that there was no bailment for hire here of the property in question and that is sufficient to dispose of the case, for the plaintiff concedes that proof of a bailment for hire is essential to recovery.

In view of this conclusion it is unnecessary to discuss the other requests of the defendant.

*Order of Appellate Division affirmed.*

---

[1] See *Rogers* v. *Murch,* 253 Mass. 467, 471; *D. A. Schulte, Inc.* v. *North Terminal Garage Co.* 291 Mass. 251, 257.