*Municipal Court of the City of Boston*
No. 260608

E. S. READ & SONS, INC., ET AL

*v.*

BAY STATE AUTO SPRING
MFG. CO., INC.

Argued: Feb. 18, 1972 - Decided: Mar. 8, 1972

*Present:* Lewiton, J. (Presiding), Canavan, Elam, JJ.

Case tried to *Adlow, C.J.*

**Lewiton, J.** This is an action of tort and contract in which three corporations, E.S. Read & Sons, Inc. ("Sons"), Read Packing Company, ("Packing"), and Swanton Packing Company, Inc. ("Swanton") each sought to recover for damage to a tractor trailer which was stolen after having been left with the defendant for repairs. The declaration originally contained six counts, of which two counts pertained to the claims of each of the plaintiffs. The defendant's answer set up a general denial, contributory negligence, assumption of risk, and the statute of limitations.

Prior to the start of the trial, the plaintiffs waived all counts in the declaration other than Count II. This count alleged in substance that on or about June 29, 1969, "a motor vehicle owned by ... [Sons] and in care, custody and control of Swanton Packing Company, Inc." was left with the defendant, which owns and operates a repair shop, for certain repairs to

be done to the vehicle; that the defendant agreed to care for and protect the motor vehicle and to return it to the plaintiff on demand; that in breach of its agreement, the defendant did not care for and protect the said motor vehicle, but permitted it to be lost or stolen from its possession and thereafter caused it to be damaged, for which damage the plaintiff sought to recover from the defendant.

*There was evidence at the trial showing that* the defendant was in the business of repairing tractor-trailers in Boston; that on June 27, 1969 a refrigerated tractor-trailer "belonging to the plaintiff E. S. Read & Sons [sic] and being operated by an employee of the Swanton Packing Company [sic] was brought to this place of business" for certain repairs; that the driver of the tractor which hauled the unit was told that the repairs would take about an hour and was asked to wait; that the driver said he could not wait and requested the service manager of the defendant to leave the trailer on a lot across the street from the garage and said that he, the driver, would pick up the trailer unit on his trip down from Vermont three days hence at 1:00 A.M. There was further evidence that the repairs were completed and the truck left on the lot across the street from the garage pursuant to the request of the Swanton driver, and that while resting on said lot, the trailer was stolen and was thereafter recovered in damaged condition. There was further evi-

dence relied on by the plaintiff to show a breach of the duty of care resting on the defendant and evidence was offered by the defendant to sustain its defenses of contributory negligence and assumption of risk.

At the close of the trial the defendant submitted several requests for rulings which were denied by the trial court, following which a finding was made for the plaintiff, E.S. Read & Sons, Inc., on Count II, which is summarized above.

One of the requested rulings so denied was to the effect that the evidence did not warrant a finding that a bailment existed between the plaintiff and defendant. (At the time the requests were presented, the claims of all plaintiffs other than "Sons" had been waived.) The denial of this requested ruling was error.

It is fundamental that a bailment is essentially a counsensual transaction arising out of an express or implied contract. *Stuart* v. *D.N. Kelley & Sons*, 331 Mass. 76, 77. *D.A. Schulte Inc.* v. *North Terminal Garage, Inc.*, 291 Mass. 251, 256.

There is nothing in the report, which purports to contain all the evidence material to the questions reported, to warrant a finding that there was any contractual relationship whatever between the plaintiff, E.S. Read & Sons, Inc., and the defendant. It is clear from the report that the trailer was left with the defendant by an employee of Swanton, and that he made all ar-

rangements with the defendant with respect to the work to be done and the manner in which the trailer was to be handled upon the completion of the repairs. The report is completely bare of any evidence as to the relationship between E.S. Read & Sons, Inc. and Swanton. Consequently there was not basis in the evidence for a finding that Swanton and its driver, or either of them, was authorized to act, or even purported to act, in behalf of the plaintiff, "Sons", in leaving the trailer with the defendant and in making arrangements for its subsequent handling. In the absence of such evidence or any other evidence from which a contractual relationship between the plaintiff and the defendant could be inferred, the trial court should have granted the requested ruling that the evidence did not warrant a finding that a bailment existed between the plaintiff and defendant.

Since the erroneous denial of that requested ruling will necessitate a new trial, we have no occasion to consider whether the evidence was sufficient to warrant a finding that the defendant had failed to exercise reasonable care for the trailer, or whether there was sufficient evidence to warrant a finding of contributory negligence or assumption of risk on the part of the driver or his employer, Swanton. The finding for the plaintiff must be vacated and the case sent back for a new trial.

An examination of the declaration originally

filed discloses that Counts V and VI set forth claims in behalf of Swanton Packing Company, Inc. as bailor of the trailer in question. In the light of the evidence set forth in the report, it would seem that counsel for the plaintiffs may have intended to preserve their rights under one of those counts, for which there was support in the evidence, and that the waiver of those counts and the reliance solely on Count II was due to inadvertent error on the part of counsel.

The case is to be remanded for a new trial. At such trial, if, in the opinion of the trial judge, the interests of justice so require, the plaintiffs may be permitted to withdraw, in whole or in part, their waiver of claims originally asserted in the declaration. cf. *Fall River Trust Co.* v. *B.G. Browdy, Inc.,* 346 Mass. 614, 617. *Swift* v. *Hiscock,* 344 Mass. 691, 693. *Malone* v. *Bianchi,* 318 Mass. 179, 182-3. *Capano* v. *Melchiono,* 297 Mass. 1, 15.

**Finding for plaintiff vacated. Case remanded for new trial.**

JOHN A. MALONEY
  of Boston, for the plaintiff
JARED H. ADAMS
  of Boston, for the defendant