No. 333427

# LENA CLARK

## v.

# CHECKER TAXI COMPANY

(October 28, 1952)

*Roberts, J.* This is an action of contract in which the plaintiff seeks to recover a sum of money allegedly contained in a purse which she inadvertently left in the rear seat of a taxicab owned by the defendant, after having been transported for a consideration from Boston to her home in Revere. The answer as far as material is a general denial.

There was evidence of the following: The plaintiff accompanied by her daughter, engaged the defendant taxi in Boston to take her to her home in Revere and on the way a stop was made in East Boston to afford the plaintiff an opportunity to shop, following which they continued to their destination with many bundles on the rear seat beside the two passengers. Upon arrival the plaintiff and her daughter, with the assistance of the defendant's driver removed the bundles and the plaintiff paid for her ride and the driver closed the door and departed.

Shortly thereafter the plaintiff missed her purse and ran out of her home only to see the taxi moving out of sight. Subsequently the plaintiff or her daughter contacted a dispatcher of the defendant and informed her of the missing purse. Sometime afterward the driver was located and notified of the loss by the dispatcher through a two-way radio and he reported back by the same means that the purse had been found. As a result of instructions the driver then returned to the plaintiff's home

with the purse and there was evidence that a sum of money which the plaintiff alleged it contained was missing.

There is no evidence in the report as to the time the loss was reported nor is there any reference to the period taken to locate and notify the driver. Neither is there any indication of how much time was taken by the driver to return to Revere with the purse. The evidence was in conflict as to whether one call or two calls were made by the dispatcher to the driver, and the driver testified that he had transported another passenger after leaving the plaintiff and before his return with the purse. The evidence is silent on the question of whether this passenger was taken on before or after his notification of the plaintiff's loss.

At the close of the trial the plaintiff filed six requests for rulings, all of which were denied, and the court made the following findings: "I find that the plaintiff has failed to prove that the defendant was negligent. I find that the plaintiff has failed to sustain her allegation by a preponderance of credible evidence. I find for the defendant."

The only question presented by this report concerns the denial of the plaintiff's requests. Five of these requests were denied as inapplicable. Without setting them forth in detail it is sufficient to state here that they either raise a question of fact or of law rendered inapplicable by the facts found by the trial court, or they seek to force upon the defendant the liability of a bailee for hire comparable with the responsibility of an innkeeper, a drover or of a railroad acting under a specific undertaking.

It has been said that "a bailment is essentially a consensual transaction arising out of a contract express or implied, . . . and there must be an acceptance by the bailee of the goods forming the subject matter of the bailment before there can be any bailment." *D. A. Schulte, Inc.* v. *North Terminal Garage Co.,* 291 Mass. 251, 256.

The liability of a bailee will not be imposed on one without his knowledge and consent and will not be inferred unless there is something to show notice to the bailee or its agents that the goods are in fact in his control. *Scollans* v. *Rollins,* 179 Mass. 346.

[65]

Obviously these requests were rightly denied for they have no application to the present case. The plaintiff's contract with the defendant for transport had ended and until notified of the plaintiff's loss there is no evidence that the defendant or its agents knew that the plaintiff had inadvertently left her purse or for that matter had any knowledge at any time of its alleged contents. *Rogers* v. *Murch,* 253 Mass. 467.

While it is true that after notification of the plaintiff's loss and the subsequent discovery of the purse the defendant assumed the task of its return to the plaintiff, such undertaking was without consideration and as a gratuitous bailee the defendant was responsible to the plaintiff only for gross negligence or bad faith. *Massaletti* v. *Fitzroy,* 228 Mass. 487; *Clark* v. *Eastern R. R.,* 139 Mass. 423.

The burden of establishing these elements together with proof of the defendant's knowledge of what the purse contained at the time of discovery was on the plaintiff and the court was clearly warranted in finding that the plaintiff had failed to sustain this burden. *Hanna* v. *Shaw,* 244 Mass. 57; *Castano* v. *Leone,* 278 Mass. 429.

Finally, the plaintiff's sixth request "That on all the evidence the finding should be for the plaintiff" was rightly denied. The trial court was not required to find that the plaintiff had proved her case and as a request for a finding of fact it had no standing. *Perry* v. *Hanover,* 314 Mass. 167, 170; *Geraci* v. *A. G. Tomasello & Son,* 293 Mass. 552.

Report dismissed.

Joseph W. Brodbere, for the Plaintiff.

Francis R. Murphy, for the Defendant.